## CLEVE PATRICK V. THE STATE.

No. 9542.   Delivered December 9, 1925.

1.—Keeping Bawdy House—Evidence—Held, Inadmissible.

Where, on a trial for keeping a bawdy house, before the appellant had introduced a witness, the court permitted a police officer, over appellant's objections, to testify that he had known appellant for a number of years, and that his reputation is bad. This ruling was in contravention of our Statutes and of all authorities bearing on the subject in this state, and necessitates the reversal of the cause.

2.—Same—Cross-Examination—Improperly Excluded.

Where a police officer had testified that the reputation of appellant was bad, it was error for the court to hold that he should not disclose the source of his information on cross-examination. The testimony of police officers occupy the same legal status as other witnesses and they are subject to the same rules on cross-examination as any other witnesses. Their testimony should be confined to the relevant facts in the case, and they should be forced to answer any question on cross-examination which might reflect their means of knowledge, with reference to the matters about which they testify.

Appeal from the County Court at Law of Jefferson County. Tried below before the Hon. C. N. Ellis, Judge.

Appeal from a conviction of keeping a bawdy house, penalty a fine of $200.

The opinion states the case.

*E. H. Black* and *Blain & Jones,* of Beaumont, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is keeping a bawdy house and the punishment is a fine of $200 and twenty days in jail.

The State placed on the stand a police officer of Port Arthur and proved by him that he had known the defendant for a number of years and that his reputation is bad. This testimony was offered by the State in making its case in chief and before the defendant had testified or offered any evidence as to his reputation. It was properly objected to and the court permitted the witness to make the statement. This ruling was in contravention of the Statute and of all the authorities bearing on the subject in this State.

By another police officer the State proved that the reputation of the appellant is bad and on cross-examination permitted this police officer to say that he could name the parties that he had heard say that his reputation was bad but that it wasn't necessary for him to name them. Whereupon counsel for appellant asked the court to force the witness to answer the question and the court replied that it is immaterial. We desire to call the court's attention to the fact in this case that when these police officers testify they are subject to the same rules as govern any other witness. Their testimony should be confined to the relevant facts in the case and they should be forced to answer any question which might reflect their means of knowledge with reference to the matters about which they testify. The entire record reflects the fact that these officers were permitted to make statements to the jury that are not in accordance with the rules of evidence as disclosed by the precedents in this State. We repeat that on another trial their testimony should be confined to matters within their knowledge that are pertinent to the issues involved.

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.