HUT FREEZE V. THE STATE.

No. 19381. Delivered February 9, 1938.

The opinion states the case.

*Russell & Edwards,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the unlawful sale of intoxicating liquor; penalty assessed at a fine of $500.00 and confinement in the county jail for a period of eight months.

The State's witness, Rogers P. Boyd, an employee of the Texas Liquor Control Board, testified that he was acquainted with the appellant, who conducted a cafe and filling station on the Lufkin Highway, several miles south of Nacogdoches; that in the afternoon of April 20, 1937, the witness drove his car to the front of the appellant's place of business and asked to buy a pint of whisky. The witness remained in his car while appellant went into the woods. He returned in about five minutes with a pint of Wilkins Family whisky, which he sold to the witness for $1.50. After handing the whisky to Boyd, the appellant said: "You are one of them 'L' men." He then tried to get the whisky back from him but Boyd drove on off towards Nacogdoches. The whisky was introduced in evidence upon the trial and identified by Boyd as that which he had purchased from the appellant.

Appellant testified upon the trial that Boyd came to his place of business and asked to buy some whisky, stating that he was fishing and had some people with him down on the river who wanted some whisky. Appellant said he noticed some fishing tackle and poles in Boyd's car; and also saw a pint of whisky under his hat on the front seat. Appellant testified that he knew Boyd was an "L" man working for the Liquor Control Board and denied selling any whisky to him. However, he admitted on cross-examination that he had been indicted in the county a number of times for violating the whisky law.

In Bill of Exception No. 1 complaint is made of the closing argument of the county attorney in which he used the following words: "You investigate the record of Hut Freeze when you get off the jury and you will find that the law has not fixed the penalty too high."

Objection was made to the remark upon the ground that it was not made in answer to any argument of counsel for the appellant, was not called for by the evidence, and that it was a reference to the reputation of the appellant. The objection was sustained by the court and the jury instructed not to consider

the remark for any purpose. The bill is qualified as follows: "The Court certifies that the herein above statement of the County Attorney in the presence and hearing of the jury in his closing argument, was not in answer to any statement or argument of the defendant's counsel and was not called for by the evidence."

In view of the qualification of the court that the remark of State's counsel was not made in answer to any argument by counsel for the appellant and was not called for by the evidence, we think the argument was of such a nature as to injuriously affect the rights of the appellant. The reputation of the appellant had not been put in issue. Therefore, the law prohibited counsel for the State, either directly or indirectly, from making an attack upon the character or reputation of the accused, either by evidence or by argument. See Tex. Jur., Vol. 42, p. 298, sec. 233; Harmon v. State, 119 Texas Crim. Rep., 426. As a rule, a reversal of the judgment will be ordered where it appears, as in the present instance, that the argument of the prosecuting attorney attacked the reputation of the accused.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*