# MAY 1, 1946

## J. C. HARRIS v. THE STATE.

No. 23336. Delivered May 1, 1946.

The opinion states the case.

*W. E. Martin,* of Abilene, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for State.

DAVIDSON, Judge.

Unlawfully selling whisky in a dry area is the offense; the punishment, a fine of $100.00 and thirty days' confinement in jail.

Russell, an inspector of the Liquor Control Board and the purchaser named in the information, testified that he purchased from appellant a bottle of whisky, for which he paid him $10.00. He fixed the place and date of the sale as appellant's home in Nolan County on the 9th day of August, 1945.

Nolan County was shown to be a dry area within the meaning of the Liquor Control Act.

Appellant did not testify.

His wife testified, upon direct examination, that she was at home the entire day of August 9, 1945; and that the witness did not come to their home that day and buy whisky; but that on the 11th day of August, 1945, the witness Russell came to their home in an intoxicated condition and gave her husband a drink of whisky out of a bottle which looked like the one which Russell identified as the one he purchased from appellant. She further testified that appellant was a carpenter by trade and a member in good standing of the carpenters' union, and that he did not sell whisky.

Upon cross-examination, and over appellant's objection, she testified that:

(a) on August 11, 1945, two days after the commission of the offense here involved, officers searched appellant's and her home but found nothing;

(b) twice before that, the sheriff had searched their premises for whisky;

(c) she had heard that her husband had been suspicioned as a bootlegger; and

(d) upon being asked what her husband's reputation was for being a bootlegger, she replied that she did not know.

Appellant neither testified nor placed his character or reputation in issue.

Upon such circumstances, the State was precluded from attacking the character or reputation of the appellant, and his objection on such grounds should have been sustained. 42 Tex. Jur., p. 298, sec. 233; Walker v. State, 146 Tex. Cr. R. 321, 174 S. W. (2d) 974; Maxwell v. State, 78 S. W. 516; Hinton v. State, 144 S. W. 617; Harmon v. State, 119 Tex. Cr. R. 426, 45 S. W. (2d) 583; Freeze v. State, 133 Tex. Cr. R. 595, 113 S. W. (2d) 539.

The penalty assessed being in excess of the minimum, we cannot say that the cross-examination was harmless.

For the error herein mentioned, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.