Guadalupe BECERRA, Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–124–CR.

Court of Appeals of Texas,
Corpus Christi.

April 7, 1983.

Joe W. Walsh & Associates, Brownsville,
for appellant.

Reynaldo Cantu, Jr., Crim. Dist. Atty.,
Brownsville, for appellee.

Before BISSETT, UTTER and GONZA-
LEZ, JJ.

## OPINION

BISSETT, Justice.

This is an appeal from a conviction for the offense of arson. Appellant Guadalupe Becerra (Becerra) was found guilty by a jury. Punishment was assessed by the jury at confinement in the Texas Department of Corrections for a period of five (5) years.

The record reflects that on December 25, 1979, Raul Arteaga (Arteaga) was conducting business at a firecracker stand located at the intersection of U.S. Highway 281 and Farm to Market Road No. 802 in Cameron County, Texas. The stand belonged jointly to Arteaga and his brother-in-law. Adjacent to the stand was a trailer in which Arteaga and three others were staying in order to "watch over the firecrackers."

At about 2:30 or 3:00 p.m., Becerra and a companion drove up to the stand on a red motorcycle to purchase some fireworks. A verbal altercation ensued between Becerra and Arteaga over the price of an assortment box of fireworks. Arteaga testified that Becerra took a swing at him and he in turn picked up a hammer to protect himself. Becerra replied, "[o]kay, that's all right. You have a hammer, but I'm going to get you." The two then left on the motorcycle. Approximately 30 minutes later, Arteaga was approaching the stand from the trailer where he stayed when he didn't have any customers, and he heard the screeching of tires.

He "saw an off white pickup which was kind of stopped by the side of the road." He then observed Becerra "with the door open" throw "something, a ball of fire." Arteaga testified that he "really didn't know what it was. [He] just saw fire." The fire "hit the inside of the stand and exploded and the fire spread." In "a matter of half a second or a second ... the stand and the firecrackers started popping and smoking." The explosion was "immediate."

Arteaga ran to the trailer to warn the occupants and then attempted to put out the fire. He was unsuccessful. The fireworks stand, its contents, and the contents of the trailer were destroyed. The trailer itself was heavily damaged.

Cameron County Deputy Sheriff Mariano Gonzalez (Gonzalez) and Cameron County Investigator Al Roussett (Roussett) arrived at the scene, Arteaga explained what had happened and described Becerra to them. At Roussett's suggestion, Arteaga agreed to go to the police department and try to pick out Becerra from some "mug shots." On the way to the station, Arteaga spotted Becerra and the person who had been with Becerra earlier, heading toward him on a motorcycle. Arteaga stopped his vehicle, turned around and followed Becerra to a grocery store. There, Roussett, assisted by Gonzalez, arrested Becerra on suspicion of arson.

Appellant brings forth five grounds of error. In his first ground of error, Becerra contends that the court erred in failing to grant him a new trial due to a misrepresentation made by Juror Gilberto Cortez during the voir dire examination. The juror's name appeared on the "Jury List" as "Gilberto Cortez." On his jury questionnaire, he stated that his name was "Gilbert C. Cortez." He answered his questionnaire to the effect that: 1) he had served on a prior criminal case. He was subsequently empaneled as a juror.

In his motion for new trial, Becerra introduced evidence that Gilberto H. Cortez was currently on probation for engaging in the business of receiving and accepting wages on lotteries as reflected by his Exhibit No. 1. No attempt was made to show that Gilbert C. Cortez and Gilberto H. Cortez were the same individual. No effort was made to show that the Gilberto H. Cortez who was on probation was the same Gilberto Cortez who served on Becerra's jury. Becerra's counsel simply stated "The rest of my motion is self-explanatory." The Motion for New Trial was denied. Appellant's contention on appeal that the State admitted that the two were the same individuals is not supported by the record.

 Allegations on motions for new trial are not self-proving. *Schneider v.*

*State,* 594 S.W.2d 415 (Tex.Cr.App.1980). No evidence was presented at the Motion for New Trial to show that juror Gilberto Cortez made false statements during the voir dire examination. The trial court did not abuse its discretion in overruling appellant's motion for new trial. *McMillon v. State,* 505 S.W.2d 872 (Tex.Cr.App.1974).

In his second and third grounds of error, Becerra contends that the trial court erred by admitting the testimony of Deputy Gonzalez and Investigator Roussett, as their testimony served to bolster the testimony of Arteaga as to the identity of Becerra. Appellant relies on *Jackson v. State,* 507 S.W.2d 231 (Tex.Cr.App.1974) for the proposition that the testimony of the two officers was an improper bolstering of Arteaga's identification of Becerra. We do not agree that *Jackson* applies to the facts before us.

■ Police officers; when testifying before the court, are subject to the same rules as govern any other witness. They may testify as to relevant facts in the case and should answer any question which might reflect their means of knowledge with reference to the matters about which they testify. *Patrick v. State,* 102 Tex. Cr.R. 434, 278 S.W. 432 (Tex.Cr.App.1925). Gonzalez and Roussett were the officers who investigated the arson reported by Arteaga. In the case at hand, it is only through chance that they were the same officers who arrested Becerra. Roussett testified that while he was driving to the police station in order for Arteaga to look through some mug books:

"Right before Mr. Arteaga waved me down, I saw two individuals on a motorcycle. They were cruising by when they passed me. They had a couple of beers in their hands. I got out and he said, 'Those are the two individuals that I saw that threw the object in the firecracker stand.' I said, 'Fine,' and got in my car and drove back and I advised the Sheriff's Department to advise Brownsville PD that I might need back up.

I followed them and they stopped at Sosa's Grocery Store. The passenger went inside and the other guy was there. I approached him and identified myself. Mr. Arteaga came out there at the time and touched the man on the shoulder and said, 'Mr. Roussett, this is the man that threw the lighted object in my place.' I arrested him along with the juvenile. The motorcycle was picked up by a wrecker and taken to Bernie's Wrecker Service. I told Mr. Arteaga to follow me and the family to follow me to the station to take their statements down."

Gonzalez was the "back up" that answered Roussett's call. Gonzalez testified that when he arrived Roussett had already advised Becerra of his rights and placed him into Gonzalez' car for transportation. Both Gonzalez and Roussett identified Becerra as the individual they arrested. The testimony of Roussett and Gonzalez was merely cumulative and not improper bolstering.[1]

Appellant's fourth ground of error complains that the court erred by allowing the prosecutor to make a plea to convict the

---

1. "Bolstering occurs when one item of evidence is improperly used by a party to add credence or weight to some earlier unimpeached piece of evidence offered by the same party." *Pless v. State,* 576 S.W.2d 83 (Tex.Cr.App.1978). The Court of Criminal Appeals held in *Smith v. State,* 595 S.W.2d 120 (Tex.Cr.App.1980), that where appellant conducted a vigorous cross-examination of the witness in an effort to impeach that witness' identification testimony, it is then permissible for the State to show that the witness has made a prior out-of-court identification. The facts in *Smith* are similar to those in the case at bar. In both, the witness (Arteaga in the case at bar) was vigorously cross-examined as to his identification of the accused. In both, counsel succeeded in eliciting testimony from the witness that the witness' opportunity to view the accused at the time of the commission of the offense was limited. Also in both, it is clear that the witnesses had other, more pressing matters to which they had to focus their attention (in our case, the exploding of the stand). The only noticeable distinction is that in *Smith* the witness made an incorrect identification of the accused from a photo spread *at a pretrial hearing* (emphasis ours). It would appear that under *Smith,* even if the testimony of Gonzalez and Roussett was bolstering, it still would be permissible since "[i]f not impeached, the testimony of the identification witness was clearly undermined and clouded over by appellant's cross-examination." *Smith* at 126.

defendant of the greater offense on the basis of the range of punishment. Appellant's reliance on *McClure v. State,* 544 S.W.2d 390 (Tex.Cr.App.1976), is misplaced. There, the prosecutor requested the jury to return a finding for the greater offense because otherwise the defendant would be subject to imprisonment for a shorter number of years.

 In the case at bar, the prosecutor was merely explaining the choices the jury had in returning the verdict. He explained their first choice was arson; their second criminal mischief for damage of over $10,-000.00; their third for criminal mischief for damage between $200.00 and $20,000.00; their fourth for misdemeanor reckless conduct; and finally, their fifth, a finding of not guilty. No reference was made to the range of punishment which accompanied any of these offenses. In fact, the prosecutor expressly stated that the jury was not to consider punishment at that particular time.

A prosecutor may make any "reasonable and proper explanation of the case as contained in the court's charge." *Dunbar v. State,* 551 S.W.2d 382 (Tex.Cr.App.1977). The prosecutor's remarks did not exceed the scope he is allowed in jury argument.

Finally, appellant contends that the evidence was insufficient to sustain a conviction for arson in that the indictment charged Becerra with arson by explosion and the evidence presented only established damage due to fire. The charging indictment, in pertinent part, reads:

"Intentionally and knowingly cause an explosion with intent to destroy and damage a building belonging to Raul G. Arteaga...."

 Arteaga testified that he saw appellant throw a "ball of fire" into the fireworks stand and that "it exploded and the fire spread real rapidly." He further testified that the explosion was immediate. We do not believe that the fact that the damage was spread by fire following the explosion constitutes a fatal variance between the indictment and the proof. The evidence is sufficient to support the conviction.

The judgment of the trial court is AFFIRMED.