**Michael Kent ADAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–88–015–CR.**

Court of Appeals of Texas,
Texarkana.

Dec. 28, 1988.

**480**

Randal Lee, Atlanta, for appellant.

Neal Birmingham, Crim. Dist. Atty., Linden, for appellee.

CORNELIUS, Chief Justice.

Michael Kent Adams was convicted of aggravated assault of a police officer. Punishment was set by the jury at fifteen years' confinement. In this appeal Adams contends that error was committed when the jury was allowed to separate in violation of Tex.Code Crim.Proc.Ann. art. 35.23 (Vernon 1966). We agree, and reverse and remand this cause for a new trial.

Following closing arguments at the guilt/innocence phase of the trial, the jury retired to deliberate. When they had deliberated about an hour and a half, they were allowed to separate, by agreement of counsel, until nine o'clock the following morning, January 6, 1988. On the morning of January 6, however, the trial judge delayed the case and had the clerk advise the jurors not to return because of threatening icy weather. Neither Adams nor his attorney was present when this action was taken. As the judge had other cases set, this case was not reconvened until eight days later, on January 14. The jury resumed deliberations at 9:00 and returned a guilty verdict at 9:25. Before the punishment phase began, Adams' counsel moved for a mistrial because of the length of the jury separation and because Adams had not personally agreed to any separation. The motion was overruled and the punishment phase of the trial was conducted. Adams later moved for a new trial on grounds of the jury's separation.

Article 35.23 provides in part as follows:

The court may adjourn veniremen to any day of the term. When jurors have been sworn in a felony case, the court may, at its discretion, permit the jurors to separate until the court has given its charge to the jury, after which the jury shall be kept together, and not permitted to separate except to the extent of housing female jurors separate and apart from male jurors, until a verdict has been rendered or the jury finally discharged, unless by permission of the court with the consent of each party.

The rule prohibiting jury separation is one of the most fundamental and ancient in the English-speaking world. It is strictly enforced in order to prevent jury tampering. It is even more stringently applied after the jury begins deliberations, because the chance of outside influence is greatest when the evidence is all in, and any outside information coming to the jury at that time would likely have a greater effect on the verdict. *Reid v. State*, 749 S.W.2d 903 (Tex.App.–Dallas 1988, no pet.).

■ The court has discretion to permit jurors to separate until the charge has been given to the jury. Once the charge is given, Article 35.23 permits jury separation only by permission of the court and consent of the parties. The statute is mandatory, and reversal is required if the jury is permitted to separate without the personal consent of the defendant, unless the State successfully rebuts the presumption of harm. *McDonald v. State*, 597 S.W.2d 365 (Tex.Crim.App. [Panel Op.] 1980); *Skillern v. State*, 559 S.W.2d 828 (Tex.Crim.App. 1977); *Goodall v. State*, 501 S.W.2d 342 (Tex.Crim.App.1973).

The defendant has the burden to see that the record shows that he did not consent to the separation. *Harris v. State*, 738 S.W.2d 207 (Tex.Crim.App.1986). In this case, it is undisputed that defense counsel consented to the jury's separating until nine o'clock on January 6; Adams did not personally consent to any separation.

■ On January 14, after the verdict on guilt was returned, Adams objected because of the length of the separation and because he did not personally consent to any separation. It would have been proper

at that point for the State to request a hearing, at which time the jurors could have been sworn and testified whether the separation affected their verdict. That was not done. Instead, the State contended and argues on appeal that Adams' failure to *personally disagree* to the initial separation was equivalent to consent.[1] Such a contention was urged and implicitly rejected in *Harris v. State,* supra. The exact point has not been squarely decided, but the repeated use of the term "personal consent" in the cases indicates that more than a failure to object is required, since the defendant ordinarily does not personally object during a trial. Moreover, consent to an overnight separation would not be effective for additional or extended separations during the remaining guilt/innocence phase of the trial. *Reed v. State,* 595 S.W. 2d 856 (Tex.Crim.App. [Panel Op.] 1980).

We do not criticize the trial judge for his commendable concern for the jurors' safety during dangerous weather, nor do we wish to deny his authority to control the court's operation and respond to natural emergencies. However, with respect to the extremely sensitive matter of jury separations after deliberations have begun, the statutory prohibition must be strictly observed. If an emergency prevents a continuation of the deliberations, a mistrial must be declared unless the parties consent to a separation or it is shown that no harm occurred.

■ Nevertheless, the State argues that the jurors' affidavits it attached to its response to Adams' motion for a new trial successfully rebutted the presumption of harm. In these affidavits the jurors denied that the separation had any effect on their deliberations or their verdict. An affidavit attached to a motion for new trial is merely a pleading that authorizes the introduction of supporting evidence; it is not evidence in itself. The affiant must testify and be subject to cross-examination. *Rios v. State,* 510 S.W.2d 326 (Tex.Crim.App.1974); *Stephenson v. State,* 494 S.W.2d 900 (Tex. Crim.App.1973). The record here contains no testimony by the jurors.

■ The order denying Adams' motion for a new trial states that a hearing was held on April 25. There is no record of such a hearing, nor is there a bill of exceptions showing what the State's affiants would have testified to if a hearing had been held. In any event, a hearing on April 25 would have been unauthorized and could not be considered on appeal, because the motion for new trial had already been overruled by operation of law. *Trevino v. State,* 565 S.W.2d 938 (Tex.Crim.App.1978); *Boykin v. State,* 516 S.W.2d 946 (Tex.Crim. App.1974). Adams was sentenced on January 14; therefore, his motion for new trial was overruled by operation of law on March 29, seventy-five days after the date sentence was imposed. Tex.R.App.P. 31(e).

Of course, the State must have an opportunity to produce testimony showing that no harm resulted from the unauthorized jury separation. *McDonald v. State,* supra; *Goodall v. State,* supra. The State had such an opportunity here on January 14, when the jury reconvened and Adams made his motion for mistrial, but it did not call any of the jurors as witnesses or make any attempt to present their testimony as to harm. The State had another opportunity to present their testimony at a hearing on the motion for new trial, or if a hearing had been refused, on a bill of exceptions. Since there was no testimony or other proper evidence tending to rebut the presumed harm, the judgment must be reversed and new trial granted.

---

1. It would seem that when the defendant remains silent when his attorney openly agrees to a jury separation, the defendant should be deemed to have consented to the separation. Indeed, some cases indicate that whether a defendant's attorney consents to the separation should be considered. *See, e.g., Harris v. State,* 738 S.W.2d 207, 222 (Tex.Crim.App.1986), where the court noted that the defendant showed that "neither he nor his attorneys consented to the separation." While it seems that a defendant's attorney—who speaks for him in all aspects of the case—should logically be allowed to speak for him in consenting to a separation of the jury, the cases have required personal consent of the defendant. *McDonald v. State,* 597 S.W. 2d 365, 367 (Tex.Crim.App. [Panel Op.] 1980); *Goodall v. State,* 501 S.W.2d 342, 343 (Tex.Crim. App.1973).

For the reasons stated, the judgment is reversed and the cause is remanded for a new trial.