**Darrell E. EWERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–90–376–CR.**

Court of Appeals of Texas, Corpus Christi.

Sept. 18, 1991.

James R. Lawrence; and Bill May, Corpus Christi, for appellant.

Grant Jones, Dist. Atty. and James D. Rosenkild, Asst. Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and DORSEY and GILBERTO HINOJOSA, JJ.

## OPINION

NYE, Chief Justice.

A jury found appellant guilty of burglary, and due to enhancement from a previous conviction, the jury assessed punishment at forty years' confinement and a fine of $2,500.00. By his sole point of error, appellant complains of improper jury argument by the State during the guilt-innocence phase of the trial. We affirm.

At about 3:00 a.m. on August 8, 1988, appellant was arrested for burglary when police, answering a silent alarm in a fast food restaurant, found appellant hiding in the building. At trial, appellant claimed that he had entered the building in order to hide from someone who was chasing him. He argued that since he had not entered with the intent to steal he could not be convicted of burglary, but only of the lesser offense of criminal trespass.

In his closing argument, the prosecutor stated that appellant's claim was a mere fabrication, an attempt to "beat the rap," and that appellant was guilty of burglary rather than the misdemeanor of criminal trespass. Although appellant's objection to the argument was sustained and an instruction to disregard given, his motion for mistrial was denied. Appellant now contends that the State argued for conviction of one offense simply because it carried a higher penalty than the other, and that such argument was improper. The sole issue on appeal is whether the State's reference to the lesser included offense of criminal trespass as a misdemeanor constituted improper jury argument for which the trial court should have granted a mistrial.

This Court has previously held that a prosecutor's reference to a lesser included offense as a misdemeanor is not reversible error so long as he makes no explicit statement regarding the range of punishment assigned to felonies and misdemeanors. *Becerra v. State*, 652 S.W.2d 489, 491–492 (Tex.App.—Corpus Christi 1983, no pet); *see Esparza v. State*, 725 S.W.2d 422, 426–427 (Tex.App.—Houston [1st Dist.] 1987, no pet.); *Powers v. State*, 757 S.W.2d 88, 94 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd). In this case, the prosecutor never referred to the range of punishment attached to each offense.

Appellant relies on *McClure v. State*, 544 S.W.2d 390 (Tex.Crim.App.1976) for the proposition that the State's reference to the lesser included offense as a misdemeanor was improper and constituted reversible error because that information was not in the charge. We disagree. The prosecutor in *McClure* continually stressed the penalty differences between the misdemeanor and felony offenses. Such references permeated his closing argument. The *McClure* argument was improper because "it was a plea to the jury to consider the amount of punishment, rather than the facts, in determining the offense for which appellant should be convicted." Here, the prosecutor did not argue that the difference in the level of the offenses should be used as a criterion for determining guilt.

While the statement that the lesser included offense was a misdemeanor, and the later remark that burglary was a felony, may have been improper, these comments were not so inflammatory that their prejudicial effect could not be cured by the trial court's instruction to disregard.

The general rule is that an instruction to disregard an objectionable comment will normally obviate the error, unless the remark is so inflammatory that its prejudicial effect cannot reasonably be removed by such an admonishment. *Kinnamon v. State*, 791 S.W.2d 84, 89 (Tex.Crim.App. 1990); *Borrego v. State*, 800 S.W.2d 373, 377 (Tex.App.—Corpus Christi 1990, pet. ref'd). We find that the prosecutor's remark labelling the lesser included offense of criminal trespass as a misdemeanor was

cured by the trial court's instruction to disregard. The point of error is overruled.

The judgment of the trial court is AFFIRMED.