IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-91-543-CR




ROGER LEE PUGH,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NO. 0912750, HONORABLE BOB PERKINS, JUDGE PRESIDING



 





 Appellant Roger Lee Pugh appeals his conviction for aggravated assault with a
deadly weapon. After the jury found appellant guilty, the trial court found that the allegations of
three prior felony convictions were "true" and assessed appellant's punishment at twenty-five
years' imprisonment.

 Appellant advances four points of error. In the first two points of error, appellant
contends that the trial court erred in admitting, over objection, the victim's testimony concerning
the contents and interpretation of an x-ray because the victim-witness was not competent to so
testify. In the third point of error, appellant complains of the jury argument in which the
prosecutor, at the guilt/innocence stage of the trial, invited the jury to consider the possible
punishment for the charged offense and the lesser included offense. Lastly, appellant urges that
the formal judgment erroneously recites that appellant was convicted of a first degree offense
instead of a third degree felony offense.

 The sufficiency of the evidence to sustain the conviction is not challenged. The
record shows that appellant, a patient at the Austin State Hospital, stabbed Celeste Oxendine, with
a pencil on April 15, 1991. Eric Arana and Christine Urbina, employees of the hospital, were
witnesses to the stabbing. Austin Police Officer Katrina Pruitt and Edward Bonilla, a hospital
security officer, observed the wounds on Oxendine's neck shortly after the stabbing. Oxendine,
a rehabilitation therapist technician at the hospital, testified about her surgery at the PruCare
Clinic to remove some of the pencil lead from her neck, and a later surgery at Seton Hospital to
remove the more deeply imbedded pencil lead. Oxendine also stated that at the PruCare Clinic
she was shown an x-ray and told that she needed to see a specialist surgeon at Seton Hospital to
have the rest of the pencil lead removed. When Oxendine was asked what she saw on the x-ray,
appellant objected:



Judge, I'm going to Object. I don't think she has the experience and competence
to testify as to what she views in an x-ray. I think that would be something for a
medical person to interpret with the benefit of the x-ray.



The objection was overruled. Oxendine then stated:



I saw a picture of the spinal column of my neck and head. And at a place that
appeared to me to be approximately an eighth to a quarter of inch from the spine
I saw something that was dark in the shape of about the first quarter inch of the
end of a pencil.



 Rule 701 of the Texas Rules of Criminal Evidence provides:



If the witness is not testifying as an expert, his testimony in the form of opinions
or inferences is limited to those opinions or inferences which are (a) rationally
based on the perception of the witness and (b) helpful to a clear understanding of
his testimony or the determination of a fact in issue.



 In 33 Steven Goode, Olin Guy Wellborn III and M. Michael Sharlot, Guide To The
Texas Rules of Evidence: Civil and Criminal Texas Practice § 701.2 at 491-94 (1988) (hereinafter
Goode), it is written:



Given the conceptual difficulties inherent in the common-law rule against lay
opinion and the mischievous results it produced, the drafters of Rule 701 opted for
a more pragmatic approach. Adopted verbatim from the original Federal Rule
701, it provides that a lay witness may testify in the form of opinions or inferences
when the opinions or inferences (1) are rationally based on the witness's perception
and (2) help the factfinder to understand clearly the testimony or determine a fact
in issue. The first requirement incorporates the personal knowledge requirement
of Rule 602.

. . . . 

Rule 701 seeks to insure that the trier of fact is presented with testimony in the
form most likely to help the factfinder resolve the contested issues. . . . By
employing the functional "helpfulness" standard, Rule 701 leaves much to the
discretion of the trial judge. Whether proferred opinion testimony is rationally
based and helpful will be a function of the particular facts of the case and the trial
judge will almost invariably be in the best position to make this determination. 
Therefore, the trial court's decision to admit or exclude lay opinion testimony
should be overturned only when the trial judge has abused his discretion.



See also Austin v. State, 794 S.W.2d 408, 410 (Tex. App.--Austin 1990, pet. ref'd); cf. Yohey v.
State, 801 S.W.2d 232, 242-43 (Tex. App.--San Antonio 1990, pet. ref'd). Moreover, "witnesses
. . . need not be absolutely certain about their testimony; opinions prefaced by 'I believe' or 'I'm
not sure, but' may be received." Goode, § 701.2 at 494-95.

 In Denham v. State, 574 S.W.2d 129, 131 (Tex. Crim. App. 1978), a pre-rule 701
case, it was pointed out that opinions of lay witnesses, when competent, are admissible concerning
sanity, insanity, value, handwriting, intoxication, physical condition--health and disease, estimates
of age, size, weight, quantity, time, distance, speed, and identity of persons and things. See also
Goode, § 701.2 at 493. In Hall v. State, 219 S.W.2d 475, 477 (Tex. Crim. App. 1949), the
victim of the offense was properly permitted to testify that he had a broken jaw and nose. This
knowledge was based on an x-ray explained to him by his doctor.

 We conclude that the trial court did not abuse its discretion. Tex. R. Crim. Evid.
701. Furthermore, it must be remembered that "[e]rror may not be predicated upon a ruling
which admits or excludes evidence unless a substantial right of the party is affected." Tex. R.
Crim. Evid. 103(a). Oxendine, Arana and Urbina all testified as to appellant's assault on
Oxendine by stabbing her in the neck with a pencil while Oxendine was conducting a class on
social skills. The broken pencil was recovered. Bonilla and Pruitt observed the wounds on
Oxendine's neck and Pruitt saw the pencil lead in Oxendine's wounds. There was testimony as
to the two surgeries necessary to remove the pencil lead from Oxendine's wounds. Oxendine
displayed to the jury the location of the wounds and the scars that remained. Austin Police Sgt.
Hector Polanco, a veteran homicide investigator, testified that a pencil could, from the manner
of its use, be a deadly weapon. All of this testimony was admitted without objection. We fail to
see how appellant's substantial rights were affected by the admission of Oxendine's testimony
about the x-ray. Points of error one and two are overruled.

 In his third point of error, appellant urges that the trial court erred in overruling
his objection to the prosecutor's jury argument which improperly invited the jury to consider at
the guilt/innocence phase of the trial "the possible punishment of the charged offense and the
lesser included offense and in contravention of the court's charge."

 The trial court charged the jury on the offense of aggravated assault with a deadly
weapon as alleged and the lesser included offense of assault. In his closing argument, the
prosecutor reviewed the facts, discussed the elements of the offense charged, and responded to
opposing counsel's argument that, if guilty, appellant was guilty only of the lesser included
offense of assault. In doing so, and in summarizing the facts, the prosecutor stated: "This, ladies
and gentlemen, is more than a misdemeanor assault."

 Appellant's counsel immediately objected as follows:



Judge, we object to the prosecutor stating the other grade of offense alleged is a
misdemeanor for the reasons it encourages the jury to consider punishment issues
that contravene the charge that says they are not to consider punishment issues and
encourages them to trivialize or lessen, allow that to influence their decision-making process with the knowledge that an assault is a misdemeanor rather than
a felony. We object to it.



 The objection was overruled. The prosecutor continued: "That's what he's
[defense counsel] talking about. He's talking about him being guilty of an assault. This man is
guilty of a felony charge of aggravated assault with a deadly weapon." There was no further
objection and the prosecutor continued to discuss the facts of the case. There was no further
mention of felonies and misdemeanors.

 Proper jury argument falls within one of four categories: (1) summary of the
evidence; (2) reasonable deduction from the evidence; (3) response to argument of opposing
counsel; and (4) plea for law enforcement. Long v. State, 823 S.W.2d 259, 267 (Tex. Crim.
App. 1991), cert. denied, 112 S. Ct. 3042 (1992); Borjan v. State, 787 S.W.2d 53, 55 (Tex.
Crim. App. 1990). It is clear that the prosecutor's argument was within the permissible areas,
at least until the reference was made to "misdemeanor assault." When argument exceeds the
bounds of proper argument, it will not constitute reversible error, unless in the light of the record
as a whole, the argument is "extreme, manifestly improper, injects new and harmful facts into
[the] case or violates a mandatory statutory provision and is thus so inflammatory that its
prejudicial effect cannot reasonably be cured by judicial instruction to disregard argument." 
Hernandez v. State, 819 S.W.2d 806, 820 (Tex. Crim. App. 1991).

 Appellant claims that the argument of the prosecutor was improper because it was
contrary to the court's charge instructing the jury not to discuss or consider punishment, if any,
in determining the issue of guilt or innocence. Appellant also argues that the error was
compounded because the same prosecutor told the jury panel during voir dire examination that
misdemeanors involved jail time and felonies were punished by "a period of time in the
penitentiary."

 It has been held that a prosecutor's reference in argument to a lesser included
offense as a misdemeanor is not reversible error so long as he makes no explicit statement
regarding the range of punishment assigned to felonies and misdemeanors. Evers v. State, 826
S.W.2d 173, 174 (Tex. App.--Corpus Christi 1991, no pet.); Becerra v. State, 652 S.W.2d 489,
491-92 (Tex. App.--Corpus Christi 1983, no pet.); see also Powers v. State, 757 S.W.2d 88, 94
(Tex. App.--Houston [14th Dist.] 1988, pet. ref'd); Esparza v. State, 725 S.W.2d 422, 426-27
(Tex. App.--Houston [1st Dist.] 1987, no pet.).

 In Hart v. State, 581 S.W.2d 675 (Tex. Crim. App. 1979), the prosecutor
mentioned that one of the lesser included offenses was a misdemeanor, but also argued for the jury
to decide guilt on the facts. "The harm is not in informing the jury concerning punishment, but
argument for conviction based on punishment." Id. at 678-79.

 Appellant relies upon McClure v. State, 544 S.W.2d 390 (Tex. Crim. App. 1976). 
We distinguish McClure from the instant case. The prosecutor in McClure continually stressed
the penalty differences between the felony and misdemeanor offenses. McClure was reversed
because the prosecutor's argument "was a plea to the jury to consider the amount of punishment,
rather than the facts, in determining the offense for which appellant should be convicted." Id. at
393.

 Here, the prosecutor stressed the facts in resolving the issue. He did not mention
the range of punishment in his argument or urge that any difference in punishment be used as a
criterion for determining guilt. Nonetheless, the argument should have been avoided. If it can
be said that the prosecutor's statement was improper and erroneous, we find the error, if any, to
be harmless. Analysis under Rule 81(b)(2) of the Texas Rules of Appellate Procedure is
applicable to jury argument. Orona v. State, 791 S.W.2d 125, 130 (Tex. Crim. App. 1990). 
Applying the test of Harris v. State, 790 S.W.2d 568 (Tex. Crim. App. 1989), we conclude
beyond a reasonable doubt, that the error, if any, did not contribute to appellant's conviction by
the jury at the guilt/innocence stage of the trial and was harmless. The third point of error is
overruled.

 In point of error number four, appellant complains that the formal judgment
erroneously recites several places that he was convicted of aggravated assault with a deadly
weapon "1st degree felony," when in fact the offense is a "3rd degree felony." See Tex. Penal
Code Ann. § 22.02(a)(4), (c) (West Supp. 1993). Appellant is correct. He requests reformation
of the judgment. We reform the judgment to reflect that appellant was convicted of "a 3rd degree
felony" with punishment assessed as a habitual criminal under Tex. Penal Code Ann. § 12.42(d)
(West Supp. 1993). The fourth point of error is sustained.

 As reformed, the judgment is affirmed.



 

 John F. Onion, Jr., Justice

[Before Justices Powers, B. A. Smith and Onion*]

Reformed and Affirmed

Filed: September 15, 1993

[Do Not Publish]







* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).