# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00702-CR

**John Dickerson, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390THJUDICIAL DISTRICT NO.0994108, HONORABLE JULIE H. KOCUREK , JUDGE PRESIDING

Appellant John Dickerson appeals his conviction for robbery. *See* Tex. Penal Code § 29.02(a)(2) (West 1994). The jury found appellant guilty. The trial court assessed his punishment at forty-five years' imprisonment after appellant's plea of true to enhancement of punishment allegations of prior burglary and robbery convictions.

## Points of Error

Appellant advances four points of error. First, appellant contends that the trial court denied his right to a hearing on his motion for new trial. Second, appellant claims ineffective assistance of appellate counsel for failure to object to the setting of the hearing on the new trial motion outside the seventy-five-day time limit. Third, appellant urges that the trial court erred in permitting Joshua Lopez, a child, to testify without an adequate determination of his competency as

a witness. Fourth, appellant argues that the trial court erred in overruling his objection to the prosecutor's argument urging the jury to reject a lesser-included offense finding in light of the "range of punishment." We will affirm.

## Facts

The sufficiency of the evidence to support the robbery conviction is not challenged. A brief summary of the facts will, however, place the points of error in proper perspective. The complainant, Mary Lou Grimes, and her son, Joshua Lopez, went to the Civitan Park in Austin on August 7, 1999, to play softball. They arrived about 7:15 p.m. After placing reserved signs on picnic tables for a birthday party the next day, Grimes and Lopez played ball. Grimes observed a man, whom she later identified as appellant, approach her, and another man walk in the direction of her parked automobile. Appellant told Grimes to give him her car keys. He became agitated when she tried to persuade him not to take her car. He warned her that he would "mess her up" if she did not comply and reached in front of his pants as if to obtain a weapon. Grimes told Lopez to run and call 911. Appellant then threatened Lopez if he moved. Grimes threw her car keys away. Appellant retrieved them and ran to her car. The two men got into the car and drove away. Grimes yelled for help and got a ride to a convenience store and called the police.

Austin Police Officer Brian Babyak responded to the call and found Grimes at the convenience store, crying and emotionally distraught. After talking with Grimes, Officer Babyak issued a BOLO (be on the lookout) for Grimes's car. Austin Police Officer Adam Johnson arrested appellant in Grimes's car early the next morning. Appellant was a passenger and another man was driving the car. On the same day, August 8, 1999, Detective Mike Williams began an investigation.

2

He obtained a statement from Grimes. Later in the day, Grimes selected appellant's photograph out of a photographic lineup as the man who took her car keys and car. She was not able to identify the other individual.

Joshua Lopez's testimony generally tracked that of his mother's as to what transpired at the park.

Appellant testified on his own behalf. He denied the robbery. He acknowledged that he was a drug user and was in Civitan Park with an acquaintance known as "Rick" after they had obtained drugs. Appellant claimed that he used drugs in the park's bathroom and when he exited, he saw "Rick" talking to Grimes and believed they knew each other. Thereafter, "Rick" motioned to appellant and gave him the car keys. They got in the car and appellant drove to a store to purchase more drugs. Appellant stated that he believed the car was on loan, "a drug rental," in exchange for drugs "Rick" had given to Grimes and would be returned in fifteen or twenty minutes. Appellant stated that he convinced "Rick" to keep the car longer and they went for a drive. Appellant left "Rick" in north Austin after midnight. Appellant then encountered a friend, Gary Bunton, whom he permitted to drive the car. Bunton was driving when they were stopped and arrested. Appellant explained that in cases of drug rentals when the car is not returned on time, the owner typically calls the police but denies any drug exchange.

**The Motion for New Trial**

In his first point of error, appellant claims that the "trial court denied his right to a hearing on his motion for a new trial when the court reporter [sic] set the hearing date outside the time limit to hold an evidentiary hearing."

3

The record reflects that in appellant's first trial a mistrial was declared when the jury could not reach a verdict. The instant conviction arises from the second trial. Appellant was sentenced on August 30, 2000, and his appointed trial counsel was permitted to withdraw. An attorney on appeal was appointed. On September 28, 2000, a motion for new trial was filed within the required thirty days from the imposition of sentence. *See* Tex. R. App. P. 21.4. Appellant now claims that the trial court denied him a hearing on his motion. Appellant asserts in his brief that his appellate counsel informed the court coordinator of the motion within ten days of the filing and secured from the coordinator a setting for the hearing on the motion for November 21, 2000; that no objection was made to the setting date and no independent calculation was made by counsel to determine the timeliness of the setting; that on the 9th or 10th of November 2000, appellant's counsel requested the clerk of the court to issue a bench warrant for appellant who had already been imprisoned in the Institutional Division of the Texas Department of Justice; that at this time, the clerk informed counsel that the last date for an evidentiary hearing on the new trial motion would be November 13, 2000, the seventy-fifth day after the imposition of sentence; and that it would be impossible to issue and have the bench warrant executed in time to have the hearing by the deadline. On November 17, 2000, three days after the motion was overruled by operation of law, appellant's appellate counsel made an appearance in the trial court and made an unsworn statement of the foregoing facts for appellate purposes. It is upon this statement alone that appellant relies to support his initial contention.

The procedural provisions governing motions for new trial in a criminal case must be strictly complied with for the trial court to have jurisdiction to consider the motion. *Oldham v. State*,

4

977 S.W.2d 354, 361 (Tex. Crim. App. 1998); *Drew v. State*, 743 S.W.2d 207, 223 (Tex. Crim. App. 1987); *Stone v. State*, 931 S.W.2d 394, 396 (Tex. App.—Waco 1996, pet. ref'd).

Rule 21.6 provides:

> *Time to Present.* The defendant must present the motion for new trial *to the trial court* within 10 days of filing it, unless the trial court in its discretion permits it to be presented and heard within 75 days from the date when the court imposes or suspends sentence in open court.

Tex. R. App. P. 21.6 (emphasis added).

Rule 21.8 in pertinent part provides:

> (a) *Time to Rule.* The court must rule on a motion for a new trial within 75 days after imposing or suspending sentence in open court.
>
> \* \* \* \* \*
>
> (c) *Failure to Rule.* A motion not timely ruled on by written order will be deemed denied when the period prescribed in (a) expires.

Tex. R. App. P. 21.8(a), (c).

Appellant filed his motion for a new trial within the thirty-day period after imposition of sentence. *See* Tex. R. App. P. 21.4(a). However, the record does not reflect that the motion was ever presented to the trial court as expressly required by Rule 21.6. The filing of a motion for new trial alone is not sufficient to show "presentment." *Carranza v. State*, 960 S.W.2d 76, 78 (Tex. Crim. App. 1998) (citing *Reyes v. State*, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993)).

"Present" means "the record must show that the movant for a new trial sustained the burden of actually delivering the motion for a new trial to the trial court or otherwise bringing the

motion to the attention or actual notice of the trial court." *Carranza*, 960 S.W.2d at 79; *Coronado v. State*, 25 S.W.3d 806, 810 (Tex. App.—Waco 2000, pet ref'd).

On the last page of appellant's motion for new trial is an unsigned "Certification of Presentation" reflecting that it was never executed. The record does not show that the motion was ever "presented" to the trial court. Appellant relies upon *Butler v. State*, 6 S.W.3d 636, 641 (Tex. App.—Houston [1st Dist.] 1999, pet. granted), for the proposition that presentment of the motion to a court coordinator is sufficient. The record does not reflect presentment to the court coordinator or any setting of the motion for new trial for a hearing save for counsel's own self-serving statement in open court after the overruling of the motion by operation of law.

Under Rule 21.8 and its forerunners, if a motion for new trial has not been ruled on by written order within seventy-five days after sentence is imposed in open court, the motion is overruled by operation of law, and the trial court loses jurisdiction to rule on the motion. *State v. Garza*, 931 S.W.2d 560, 562 (Tex. Crim. App. 1996); *State ex rel Cobb v. Godfrey*, 739 S.W.2d 47, 49 (Tex. Crim. App. 1987); *Parmer v. State*, 38 S.W.3d 661, 666 (Tex. App.—Austin 2000, pet. ref'd). Thus, a hearing or proceeding conducted after the motion for new trial has been overruled by operation of law is not authorized and will not be considered on appeal. *Parmer*, 38 S.W.3d at 667; *Laidley v. State*, 966 S.W.2d 105, 107-08 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd).

A trial counsel's affidavit, filed one day after the new trial motion was overruled by operation of law, cannot be considered on appeal. *Howard v. State*, 894 S.W.2d 104, 107 (Tex. App.—Beaumont 1995, pet. ref'd). An order denying a new trial cannot be disturbed on appeal based on information obtained at a hearing, if any, conducted after the motion had been overruled by

6

operation of law. *Adams v. State*, 765 S.W.2d 479, 481 (Tex. App.—Texarkana 1988, pet. ref'd). Even though a hearing on the motion for new trial commenced within the seventy-five-day period before being recessed because of a bomb threat, the subsequent hearing after the motion was overruled by operation of law was a nullity under the particular circumstances there involved. *Johnson v. State*, 925 S.W.2d 745, 748 (Tex. App.—Fort Worth 1996, pet. ref'd); *see also Huizar v. State*, 841 S.W.2d 875, 877 (Tex. App.—Corpus Christi 1992, no pet.).

In *Parmer*, the trial court afforded the defendant a hearing on his new trial motion within the seventy-five-day time limit. Two of the defendant's witnesses were missing. No evidence was heard, no affidavit was offered, and no hearing was conducted. The trial court reset the hearing for a date after the seventy-five-day period and conducted a hearing after the motion for new trial had been overruled by operation of law. This Court held that the trial court was without jurisdiction to conduct the subsequent hearing and the facts developed were not before the court for review. *Parmer*, 38 S.W.3d at 667.

The only support for appellant's position is counsel's statement in open court after the motion for new trial was overruled by operation of law. The statement cannot be considered on appeal. *Howard*, 894 S.W.2d at 107*; see also Parmer*, 38 S.W.3d at 667; *Laidley*, 966 S.W.2d 107-08; *Adams*, 765 S.W.2d at 481. The first point of error is overruled.

### Ineffective Assistance of Counsel

In his second point of error, appellant claims he "received ineffective assistance of counsel on appeal from counsel's failure to object to the trial court's setting of an untimely motion for a new trial hearing."

The standard of review of the effectiveness of counsel, either retained or appointed, is the two-pronged test of *Strickland v. Washington*, 466 U.S. 668, adopted in Texas by *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1998). Under this test, a defendant has the burden to prove a claim of ineffective assistance by a preponderance of evidence. *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).

Appellant claims a single error on the part of appellate counsel—the failure to object to the trial court's setting. The difficulty is that the record does not reveal that the trial court made any setting at all. Counsel could hardly be ineffective for failing to object to action that was never undertaken by the trial court. The record does not reveal any setting for a hearing on the motion for new trial by anyone. The only support for the assertion that a court coordinator set a hearing comes from counsel's statement in open court which is not before this Court for review and cannot be considered. This record does not support appellant's contention. The second point of error is overruled.

### Competency of Witness

In the third point of error, appellant urges that the "trial court erred in permitting child witness Joshua Lopez to testify without an adequate determination of his competency under Tex. R. Evid. 601(a)(2)."

Rule 601(a)(2) provides:

(a) *General Rule.* Every person is competent to be a witness except as otherwise provided in these rules. The following witnesses shall be incompetent to testify in any proceeding subject to these rules:

(2) *Children.* Children or other persons who, after being examined by the court, appear not to possess sufficient intellect to relate transactions with respect to which they are interrogated.

*Id.*

Rule 601 creates a presumption that a person is competent to testify. *Id.* 601; *Dufrene v. State*, 853 S.W.2d 86, 88 (Tex. App.— Houston [14th Dist.] 1993, pet. ref'd); *Reyna v. State*, 797 S.W.2d 189, 191 (Tex. App.—Corpus Christi 1990, no pet.). A child is considered competent to testify unless it appears to the trial court that he does not possess sufficient intellect to relate the transaction about which he will testify. *Dufrene*, 853 S.W.2d at 88.

The trial court has no duty to conduct a preliminary competency examination on its own motion. *McGinn v. State*, 961 S.W.2d 161, 165 (Tex. Crim. App. 1998); *Rich v. State*, 823 S.W.2d 420, 421-22 (Tex. App.—Fort Worth 1992, pet. ref'd); *Grayson v. State*, 786 S.W.2d 504, 505 (Tex. App.—Dallas 1990, no pet.). However, Rule 601(a)(2) places the power to determine a witness's competency in the hands of the trial court. *Broussard v. State*, 910 S.W.2d 952, 960 (Tex. Crim. App. 1995). And the trial court may resort to any examination that would tend to disclose a witness's capacity and intelligence. *Clark v. State*, 659 S.W.2d 53, 55 (Tex. App.—Houston [14th Dist.] 1983, no pet.); *see also Romines v. State*, 717 S.W.2d 745, 749 (Tex. App.—Fort Worth 1986, pet. ref'd) (without preliminary examination, court reviewed child's entire video-taped testimony before the introduction of tape).

The issue of the competency of a child witness is generally a question for the trial court and its ruling will not be disturbed on appeal unless an abuse of discretion is shown. *Broussard*, 910 S.W.2d at 960; *Reyna*, 797 S.W.2d at 191 (citing *Watson v. State*, 596 S.W.2d 867, 871 (Tex.

9

Crim. App. 1980)). A trial court has wide discretion in determining the admissibility of evidence. *Breeding v. State*, 809 S.W.2d 661, 663 (Tex. App.—Amarillo 1991, pet. ref'd).

Here, appellant requested and the trial court accorded him a preliminary competency examination before the child witness testified. In the absence of the jury and after the witness was sworn, the prosecutor and then the trial court interrogated Lopez, establishing that he was seven years old, was attending Smith Elementary School, knew his birth date, and knew the difference between telling the truth and telling a lie. Lopez answered several questions demonstrating his knowledge of that difference.

Appellant's counsel then inquired if Lopez had "talked to anybody about this incident before." The trial court interrupted, indicating the question was improper. During the interruption, the trial court declared Lopez to be a competent witness based on the record.[1] When asked by counsel if he could inquire about the witness's "memory of that day," the trial court answered, "No." Appellant's counsel then responded, "Okay." Counsel made no further effort to interrogate Lopez or demonstrate to the court Lopez's incompetency as a witness. No objection was made to the trial court's finding of competency. Thereafter, Lopez testified clearly before the jury on direct and cross-examination without complaint.

The real thrust of appellant's argument on appeal is that the trial court mishandled the preliminary competency examination by not considering all the factors necessary to a determination of a child witness's competency and in not permitting counsel to question Lopez about these factors.

---

[1] By this time, the trial court had an opportunity to see the witness, observe his demeanor, and his manner in answering questions, and his apparent possession or lack of intelligence.

10

We have not been directed to nor have we found any objection to the competency examination based on Rule 601(a)(2), or more specifically, to the lack of an adequate determination as now raised on appeal. In order to preserve any error for appellate review, a party must present a timely, specific objection to the trial court and secure an adverse ruling. Tex. R. App. P. 33.1; *Turner v. State*, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991). We conclude that appellant has not preserved for review the contention presented in the third point of error.[2]

If it can be argued that appellant somehow preserved error as to Lopez's competency to testify, we find no error. In determining whether there has been an abuse of discretion, a reviewing court must review all the trial testimony as well as the preliminary competency examination. *Reyna*, 797 S.W.2d at 191; *Clark*, 558 S.W.2d at 890. Inconsistencies and conflicts in the child's testimony do not automatically render him incompetent, rather they are simply factors affecting the weight of the child's credibility. *Upton v. State*, 894 S.W.2d 426, 429 (Tex. App.—Amarillo 1995, pet. ref'd); *see also Fields v. State*, 500 S.W.2d 500, 503 (Tex. Crim. App. 1973). The child no longer needs to understand the obligation of the oath to be a competent witness. *Dufrene*, 853 S.W.2d at 88.

After reviewing the entire record, we conclude that if error was preserved, the trial court did not abuse its discretion. The third point of error is overruled.

---

[2] Appellant urges that his trial counsel's response of "okay" to the trial court's refusal to allow him to ask a certain question was not a waiver of error. He cites *Tucker v. State*, 990 S.W.2d 261, 262 (Tex. Crim. App. 1999) (holding "okay" did not waive right to make opening statement). We need not decide any waiver issue because the error, if any, was not preserved for appellate review.

## Jury Argument

Lastly, appellant contends that the "trial court erred in overruling defendant's objection to the State's final argument urging the jury to reject appellant's defense that he committed the lesser-included offense of unlawful use of a motor vehicle on the basis that the State urged the jury to consider the range of punishment involved."

At the guilt/innocence stage of the trial, appellant's counsel argued in effect that there was reasonable doubt as to the commission of the alleged robbery but that appellant admitted that he committed the offense of unauthorized use of a motor vehicle, and that he be convicted on that basis alone. Subsequently, the prosecutor argued:

> He's admitting he's guilty of unauthorized use of a motor vehicle so you have to find him guilty of something. He's doing that, the defendant got us here and admitted that because it's so obvious he's going to be found guilty.----He's caught. He's caught cold.
>
> He's got to admit to something less egregious, and we talked about in voir dire that a lesser offense obviously carries a lesser punishment range.

Appellant objected, claiming any reference to punishment or range of punishment was improper and asked for an instruction to disregard. The prosecutor urged that she had a right to argue motive to lie. The objection was overruled. The instruction request was denied.

The prosecutor then argued without further objection:

> Ladies and gentlemen, the defendant has motive to get up on the stand and admit guilt of a lesser offense of unauthorized use of a motor vehicle. He has motive to do that because robbery has a higher punishment range. He would rather be convicted of a lesser offense, and that's the reason he got up and there and admitted that. He knows

12

he's going to be found guilty. He was found in the car that he stole and robbed Mary of. He was identified in a photo lineup. He has no other thing left.

Normally, to be permissible, jury argument must fall within the following four general areas: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) response to argument of opposing counsel, and (4) plea for law enforcement. *Guidry v. State*, 9 S.W.3d 133, 154 (Tex. Crim. App. 1999); *Wilson v. State*, 7 S.W.3d 136, 147 (Tex. Crim. App. 1999); *Felder v. State*, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992).

In the instant case, appellant's counsel urged what is now called a "defense"[3] by asking the jury to convict appellant only of unauthorized use of a motor vehicle based on appellant's testimony. The prosecutor had a right to answer and respond to this argument and comment on appellant's testimony in this regard. The complained-of argument also contained shades of proper argument in the areas of summation of evidence and reasonable deduction from the evidence. It was clearly permissible for the prosecutor to urge the jury, based on the evidence, to convict appellant of robbery, the primary offense. Appellant argues, however, that the reference to punishment calls for a different result.

As a general rule, punishment may not be discussed by either party at the guilt-innocence portion of the trial. *Garcia v. State*, 887 S.W.2d 862, 877 (Tex. Crim. App. 1994). This is so because of our bifurcated trial system in criminal cases in Texas. *Trent v. State*, 925 S.W.2d 130, 132 (Tex. App.—Waco 1996, no pet.). Thus, "[i]t is improper to discuss ranges of punishment

---

[3] This "defense" is not one so labeled as a defense or an affirmative defense by the Penal Code. *See* Tex. Penal Code Ann. §§ 2.03, 2.04 (West 1994).

13

during the guilt-innocence stage of a trial involving two or more offenses because it encourages the jury to convict on the basis of the amount of the punishment rather than on the facts supporting guilt." *Bruton v. State*, 921 S.W.2d 531, 536 (Tex. App.—Fort Worth 1996, pet. ref'd) (citing *McClure v. State*, 544 S.W.2d 390, 393 (Tex. Crim. App. 1976)); *see also Freeman v. State*, 985 S.W.2d 588, 589 (Tex. App.—Beaumont 1999, pet. ref'd). In each of the foregoing cases, the prosecutor in argument made an explicit statement as to the number of years contained in the range of penalty or punishment.

Not every mention of punishment or that one offense is a lesser offense results in improper argument or reversible error. A prosecutor's reference to a lesser-included offense as a misdemeanor is not reversible error so long as he makes no explicit statement regarding the range of punishment assigned to felonies and misdemeanors. *Ewers v. State*, 826 S.W.2d 173, 174 (Tex. App.—Corpus Christi 1991, no pet.); *Becerra v. State*, 652 S.W.2d 489, 491-92 (Tex. App.—Corpus Christi 1983, no pet.); *see also Esparza v. State*, 725 S.W.2d 422, 426-27 (Tex. App.—Houston [1st Dist.] 1987, no pet.).

In *Becerra*, the arson conviction was affirmed. 652 S.W.2d at 492. In that case, the prosecutor explained to the jury the verdicts possible under the court's charge, including felonies and misdemeanors and a not guilty verdict. No reference was made to range of punishment which accompanied any of these offenses. There, the *Becerra* court noted that a prosecutor may make any reasonable and proper explanation of the case as contained in the court's charge. *Id.* (citing *Dunbar v. State*, 551 S.W.2d 382, 384 (Tex. Crim. App. 1977)).

14

In the instant case, the prosecutor never referred to the offenses involved as a second degree felony or a state jail felony nor did she relate the range of punishment for either offense. She did mention that the unauthorized use of a motor vehicle was a lesser offense that carried "a lesser punishment range" when responding to opposing counsel's argument. The trial court's jury charge, without objection, had described the offense as a "lesser included offense." The prosecutor merely was using the same terminology as the trial court. Moreover, it is common knowledge that lesser offenses carry lesser penalties.

Even if jury argument is improper, an instruction to the jury to disregard the statements is generally sufficient to cure any error. *Dinkins v. State*, 894 S.W.2d 330, 357 (Tex. Crim. App. 1995). Reversible error occurs only when the statements to the jury are extreme, manifestly improper, inject new or harmful facts into the record, or violate a mandatory statute. *Cooks v. State*, 844 S.W.2d 697, 727 (Tex. Crim. App. 1992). Here, the trial court denied the request for an instruction to disregard, apparently because it considered the argument to be permissible. We note that the trial court had earlier read the charge to the jury, including an instruction not to consider punishment at the guilt-innocence stage of the trial. That instruction was never withdrawn, and the jury charge was available to the jury during its deliberations.

The complained-of argument was a small portion of the prosecutor's closing argument, it was invited argument, the jury is presumed to have followed the court's charge,[4] and

---

[4] *See Colburn v. State*, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998); *Williams v. State*, 937 S.W.2d 479, 490 (Tex. Crim. App. 1996) (absent evidence to the contrary, it is presumed by an appellate court that jury follow law in jury charge); *Martinez v. State*, 969 S.W.2d 497, 501 (Tex. App.—Austin 1998, no pet.).

15

there was overwhelming evidence that the offense committed was robbery.  If there was error in the argument, it was harmless error.  *See* Tex. R. App. P. 44.2(b).  The fourth point of error is overruled.

The judgment is affirmed.

—

                       John F. Onion, Jr., Justice

Before Justices Kidd, Puryear and Onion[*]

Affirmed

Filed:   August 30, 2001

Do Not Publish

\*  Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).