**Robert Dean McCLURE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52035.**

Court of Criminal Appeals of Texas.

Sept. 20, 1976.

Rehearing Denied Jan. 12, 1977.

Clifford J. Hardwick, Odessa, for appellant.

John H. Green, Dist. Atty., and Dennis Cadra, Asst. Dist. Atty., Odessa, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

In a trial before a jury, appellant was convicted of murder. The jury assessed the punishment at ninety-nine years.

The State's evidence reflects that on June 10, 1974, appellant purchased a .22 automatic pistol, went to the Ramada Inn in Odessa, had a brief conversation with his wife at a swimming pool, and as she turned from him and started to leave, shot her eight times. Her death resulted from these wounds.

Appellant, 34 years of age, as a witness at the guilt stage admitted the shooting. He testified to a course of conduct during their brief marriage by his 17 year old wife which included a number of extramarital affairs with other men. His testimony of his mental condition immediately before and at the time of the shooting, caused by his wife's conduct before and her remarks at the time he shot her, together with the evidence of other defense witnesses including a psychiatrist, was sufficient to raise the issue of voluntary manslaughter. See V.T.C.A. Penal Code, Sec. 19.04.

The court in his charge to the jury submitted the issues of murder, V.T.C.A. Penal Code, Sec. 19.02(a)(1), and voluntary manslaughter.

Appellant urges seven grounds of error. In view of our disposition of this case, we find it unnecessary to discuss all of appellant's contentions.

In his fourth ground of error, appellant urges that the court erred in refusing to grant a mistrial after the district attorney in final argument at the guilt stage repeatedly advised the jury of the effect of their verdict by specifically referring to the difference in punishment between murder and voluntary manslaughter.

The record reflects the following proceedings during the prosecuting attorney's closing argument at the guilt stage: ". . . I also asked you if you could return a verdict of ninety-nine years and you said you could. The Defense lawyer talks about a large number of years, he talks about a large verdict, you recall it, it is here in this Record, talking about a large verdict. You know the most you can get for involuntary manslaughter is twenty years?

"MR. TRENCHARD: Your Honor—

"THE COURT: Sustain the objection.

"MR. TRENCHARD: We ask for an instruction.

"THE COURT: The Jury won't consider it at this time.

"MR TRENCHARD: And we move for a mistrial.

"THE COURT: Overruled.

"MR. TRENCHARD: Note our exception.

"MR. GREEN: You can get ninety-nine if it is murder but you get less, and don't get in that trap—

"MR. TRENCHARD: Your Honor—

"THE COURT: Mr. Green, I sustained the argument on the number of years. The Jury won't consider any argument about a number of years.

"MR. TRENCHARD: We ask for a mistrial.

"THE COURT: Overruled.

"MR. GREEN: You see, you get less years or they won't get up here and argue that.

"THE COURT: Don't argue years, Mr. Green.

"MR. GREEN: I am not, it is in this Record. You Ladies and Gentlemen recall talking about a large number of years, don't be misled about that argument because during this stage of the trial—

"MR. TRENCHARD: Your Honor—

"MR. GREEN: Judge, I can answer his argument about a large number of years.

"THE COURT: I don't remember the argument.

"MR. GREEN: It is in the Record.

"THE COURT: The Jury—

"MR. TRENCHARD: Your Honor—

"THE COURT: The Jury at this stage of the trial is only concerned with guilt or innocence, that is all this part of the trial is about.

"MR. TRENCHARD: We ask for a mistrial.

"THE COURT: Overruled.

"MR. GREEN: You see, what we get to, we are entitled to just as fair a trial as they are, it is in the Record, if you don't believe me, I am trying to answer his arguments. He said I was going to tell you about the they people and the large number of years. I am telling you, you are not concerned at this time as Judge did tell you about the number of years that you give, but use your common sense, think about this, your common sense, would he ask for voluntary manslaughter if you could get the same number of years?

"MR. TRENCHARD: Objection, again, Your Honor.

"THE COURT: I will overrule that.

"MR. GREEN: Would he, of course not. You see, I can't argue things, but I can ask you folks to use your own common sense, that is what I am asking you to do in that regard. That is all we ever do. We don't try to hide anything, but we ask people when we can't tell them something, to use their common sense. I hope you understand what I am saying . . . ."

Defense counsel, in their arguments, did not mention the punishment for manslaughter. The nearest reference to the punishment for manslaughter appears in defense counsel's argument as follows:

"MR. TRENCHARD: He may argue that you are the they people, people are always saying, why don't they do something about it, about all the crime that goes on, implying that now you are the they people, you are the person that has to do something about it. If a long sentence or conviction of an offense greater than that which has been committed would deter a crime of passion, maybe that would be all right. I don't think you are going to be able to deter crimes of passion even though I am sure every one of us would hope that could be done. The danger of these arguments is that they tend to get the Jury worked up, mad and angry at the Defendant, they tend to make them think they have got to take out on him everything bad, punish him for every crime that has been committed in the community . . . ."

We do not find that the above argument of the prosecutor was invited by these remarks of defense counsel, and conclude that it constituted a totally improper line of argument to pursue at the guilt stage of the proceedings. *Cook v. State*, Tex.Cr. App., 537 S.W.2d 258; *Cherry v. State*, Tex. Cr.App., 507 S.W.2d 549.

This Court has previously held that, although the mere inclusion of information regarding punishment in the charge at the guilt stage is improper, the error is not such as to require reversal. *Staggs v. State*, Tex.Cr.App., 503 S.W.2d 587; *Webb v. State*, Tex.Cr.App., 439 S.W.2d 342. However, in the case at hand, the court did not charge on the possible punishments at the guilt stage, and the prosecutor not only referred to the possible punishment, but he did so repeatedly over objections from defense counsel and instructions by the court. The prosecutor pursued a course of repeatedly attempting to place matters before the jury which were impermissible, and which could serve only to inflame and prejudice the minds of the jurors. Such misconduct cannot be held harmless. *Cook v. State*, supra; *Boyde v. State*, Tex.Cr.App., 513 S.W.2d 588; *Anderson v. State*, Tex.Cr. App., 525 S.W.2d 20.

Even after the court had, on its own motion, stopped the argument to instruct the prosecutor not to go into punishment at the guilt stage of the trial, the prosecutor continued to refer indirectly to punishment. He stated:

". . . You see, I can't argue things, but I can ask you folks to use your own common sense, that is what I am asking you to do in that regard. That is all we ever do. We don't try to hide anything, but we ask people when we can't tell them something, to use their common sense. I hope you understand what I am saying."

The prosecutor argued further:

"But use your common sense, think about this, your common sense, would he ask for voluntary manslaughter if you would get the same number of years?"

Appellant's objection to this was overruled, and the prosecutor continued to argue along the same line, as shown in the above quote.

Here, the harm was not in informing the jury of the range of punishment, but in arguing that appellant should not be convicted of manslaughter because it carried a lesser punishment, but should be convicted of murder because of the greater penalty. It was a plea to the jury to consider the amount of punishment, rather than the facts, in determining the offense for which appellant should be convicted. See and compare *Clanton v. State*, Tex.Cr.App., 528 S.W.2d 250; *Jones v. State*, Tex.Cr.App., 522 S.W.2d 225.

The prosecutor also contends that because appellant's objections were sustained and an instruction given, that all possible harm is removed. This is a statement of the general rule. *Holloway v. State*, Tex.Cr.App., 525 S.W.2d 165. However, here the argument of the prosecutor was manifestly improper because the jury, at the guilt stage, was not supposed to be interested in punishment, but only in guilt or innocence based on the evidence and the law as given in the court's charge, and even after the court had sustained objections the prosecutor continued to argue on punishment at the guilt stage. The court's instructions to disregard, in view of the prosecutor's continued remarks, did not remove the harm done. *Cook v. State*, supra; *Anderson v. State*, supra.

The fact that appellant, on three occasions, did not complete his objection is not controlling here, since the court never permitted him to do so, but sustained the objection before it was fully stated. It is obvious that the trial court knew the basis of the objection.

Under the circumstances of this case, the doctrine of *Vela v. State*, Tex.Cr.App., 516 S.W.2d 176, which held that without a timely and specific objection being made in addition to a motion for mistrial, no error is preserved, is inapplicable. See *Cook v. State*, supra.

Due to the facts and circumstances of this case, the Court cannot say with reasonable certainty that these arguments did not affect the jury's verdict of murder instead of voluntary manslaughter.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

DOUGLAS, Judge (dissenting).

The majority reverses this conviction because of the prosecutor's remarks concerning the difference in the number of years appellant could receive for murder as opposed to voluntary manslaughter. The record shows that the jury was instructed not to consider any argument concerning the number of years. The error, if any, in the prosecutor's remarks is harmless as the jury is not required to leave its common sense at home. The average person is aware that murder carries a greater penalty than voluntary manslaughter. The lesser included offense of voluntary manslaughter was discussed with the jury during voir dire as a second degree felony while murder was referred to as a first degree felony. Would not reasonable minds know that one carried a greater penalty than the other?

The prosecutor should not have continued the line of argument after the court had instructed the jury not to consider it. However, the repetition of nothing still amounts to nothing, or zero plus zero equals zero.

No reversible error has been shown. The judgment should be affirmed.