IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-556-CR




ALFRED WILLIAMS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 0911442, HONORABLE BOB JONES, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of intentional or knowing injury to a child. Act of
May 29, 1989, 71st Leg., R.S., ch. 357, § 1, 1989 Tex. Gen. Laws 1441 (Tex. Penal Code Ann.
§ 22.04, since amended). The jury assessed punishment, enhanced by two previous felony
convictions, at imprisonment for life.

 On the day in question, appellant and his girlfriend, Kristi Garrett, had an
argument. Seizing a knife he was using to prepare dinner, appellant followed Garrett outside the
house, put his arm around her neck, held the knife to her ribs, and said, "I'm going to kill you
and your son." Garrett saw two children who lived next door and asked them to call the police. 
When she did this, appellant released her and Garrett fled to where the children were standing. 
Appellant threw the knife at Garrett but missed, striking one of the children instead. The child
sustained a cut that required six stitches to close.

 A person is criminally responsible for causing a result if the only difference
between what actually occurred and what he desired, contemplated, or risked is that a different
person was injured. Tex. Penal Code Ann. § 6.04(b)(2) (West 1974). Appellant's defense at trial
was that he had not intended to injure Garrett when he threw the knife, but instead had merely
been reckless; that is, he had consciously disregarded a substantial and unjustifiable risk of injury. 
Tex. Penal Code Ann. § 6.03(c) (West 1974). In his argument to the jury at the guilt stage,
defense counsel urged the jurors to convict appellant of the lesser included offense of reckless
injury to a child.

 In his response to defense counsel's argument, the prosecutor made the remark that
is the subject of appellant's only point of error:



 First off, let me applaud Mr. Ganne [defense counsel] for his subtlety in
presenting what doesn't even appear to be a defense. He sets a very alluring trap
for you. What he says to you is that, "My client is in here today only to admit his
guilt to you, and he just wants you [to] decide that he's guilty." Isn't that simple? 
"And he's guilty of being reckless." And there's a reason he wants you to find
him guilty of being reckless, because reckless conduct is not a felony.


 Are you getting it now? Mr. Ganne doesn't tell you that.


 MR. GANNE: Your Honor, I believe that's a highly improper line of
argument.



Appellant's objection was sustained and the jurors were instructed to disregard the prosecutor's
remark. Appellant's motion for mistrial was denied.

 Appellant relies on the opinion in McClure v. State, 544 S.W.2d 390 (Tex. Crim.
App. 1976). In McClure, the prosecutor, over the objections of the defendant and despite the trial
court's admonitions not to do so, repeatedly argued the number of years the defendant could be
confined if convicted of the lesser included offense. The Court of Criminal Appeals held that the
prosecutor's argument was a plea for the jury to consider the punishment, rather than the facts,
in determining the offense for which the defendant should be convicted, and was so manifestly
improper as to be incurable by the trial court's instructions to disregard. Id at 393.

 In Hart v. State, 581 S.W.2d 675 (Tex. Crim. App. 1979), a prosecution for
aggravated assault, the prosecutor told the jurors that one of the lesser included offenses was a
misdemeanor. The court found the case to be distinguishable from McClure:



 Here, the State mentioned that one of the lesser included offenses was a
misdemeanor but also argued for the jury to decide guilt on the facts. The harm
is not in informing the jury concerning punishment, but argument for conviction
based on punishment. When we consider this argument from the jury's viewpoint,
we find no error.



Hart, 581 S.W.2d at 678-79 (citation omitted). We believe that the instant cause is controlled by
Hart. As in that case, the prosecutor did not inform the jurors of the possible punishment for the
included offense. (1) Moreover, the prosecutor did not pursue this line of argument after appellant's
objection was sustained. Instead, he stressed the distinction between intentional and reckless
conduct and urged that appellant's actions were intentional. (2) We do not believe that the
prosecutor's argument constituted a plea for the jury to base its verdict on the punishment. We
hold that any error in the argument was cured by the instruction to disregard. 

 The district court did not err by overruling appellant's motion for mistrial. The
point of error is overruled.

 The judgment of conviction is affirmed.


[Before Chief Justice Carroll, Justices Aboussie and Jones]

Affirmed

Filed: June 30, 1993

[Do Not Publish]
1.   Appellant correctly points out that the distinction between misdemeanors and felonies was
briefly addressed during voir dire.
2.   The prosecutor's first words after the motion for mistrial was overruled were, "Find him
guilty of what he did. This was not reckless conduct."