TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00108-CR







James Lawrence Tibbs, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0934154, HONORABLE LARRY FULLER, JUDGE PRESIDING









PER CURIAM


 A jury found appellant guilty of aggravated kidnapping and assessed punishment
at imprisonment for sixty years and a $5000 fine. Penal Code, 63d Leg., R.S., ch. 399, sec. 1,
§ 20.04, 1973 Tex. Gen. Laws 883, 915 (Tex. Penal Code Ann. § 20.04, since amended). 
Appellant's two points of error complain of the prosecutor's jury argument at the guilt stage of
trial.

 At the conclusion of his argument, defense counsel observed, "There will not be
a matter of greater importance to James Tibbs, who stands where any man stands who is accused
of something he didn't do." Counsel asked the jury to carefully consider the evidence and "when
you have done that, what we ask you to do is come in and send him home. Find him not guilty."

 The prosecutor responded to these remarks by saying:


 And yes, as Mr. Sawyer says, this trial is important to his client, Mr.
Tibbs, but there is more than one party to this lawsuit. The other party is the
citizens of Travis County. The other party is the community, and what do you do
when you have two parties, you have two competing interests? It is in Mr. Tibbs'
interest to go home. It is in Mr. Tibbs' interest to walk down and get on that
elevator with you when you leave, but is that in the community's interest? Is that
the kind of thing that would make you proud of your service? Would you be
proud? What would you think of your service if in a few months from now you
read of another kidnapping in which Mr. Tibbs is arrested.



Appellant objected that the argument was outside the record. Without ruling on the objection, the
district court instructed the jurors to "base your decision on what you have heard from the witness
stand." Appellant's motion for mistrial was overruled.

 Appellant now contends that the prosecutor's reference to another kidnapping was
outside the record, asked the jury to speculate about appellant's future conduct, attempted to inject
punishment issues into the guilt stage, and was designed to inflame the jury's passions and deny
him a fair trial. The State responds that the argument was a proper plea for law enforcement. 
We agree with the State.

 Appellant asserts that the argument in this cause is "strikingly similar" to that
condemned in Melton v. State, 713 S.W.2d 107 (Tex. Crim. App. 1986). In that case, a
prosecution for theft of three pieces of construction equipment, the prosecutor told the jury,
"People, do you understand the quantity of what we're dealing with here today? Do you
understand there is over three hundred Case backhoes out there missing . . . ?" Id. at 114. This
argument was criticized as a blatant attempt to persuade the jury that the defendants were guilty
of other offenses than those for which they were on trial and as to which there was no evidence. 
In another case cited by appellant, Wright v. State, 609 S.W.2d 801 (Tex. Crim. App. 1981), the
prosecutor suggested to the jury that the defendant, whom they had found guilty of unauthorized
use of a vehicle, had intended to commit aggravated robbery or even capital murder. The court
reversed, holding that the argument, which was without support in the evidence, was calculated
to inflame and prejudice the defendant in the minds of the jury. We find these cases to be
distinguishable, as the prosecutor in this cause did not suggest that appellant was guilty of other
crimes. 

 Appellant also relies on the opinion in McClure v. State, 544 S.W.2d 390 (Tex.
Crim. App. 1976). In that case, the prosecutor asked the jury to convict the defendant of the
charged offense rather than a lesser included offense because the applicable punishment was
greater. The court held that it was improper for the prosecutor to refer to the possible punishment
during his argument at the guilt stage. Again, the cause before us is distinguishable. No lesser
included offense was submitted to the jury in this cause and the prosecutor did not attempt to
discuss punishment issues during his argument. 

 In Cook v. State, 858 S.W.2d 467, 477 (Tex. Crim. App. 1993), this argument was
held to be a proper plea for law enforcement: "How many wives are going to have to shed the
tears that [the decedent's wife] did? How many people are going to be kidnapped at knifepoint
or beaten over the head with a tire tool?" In Starvaggi v. State, 593 S.W.2d 323, 328 (Tex.
Crim. App. 1979), the prosecutor was held to be pleading for law enforcement when he argued: 
"I just say this, that I hope he doesn't come knocking on one of your doors at eight o'clock in the
evening." We find the comments of the prosecutor in this cause to be similar to but far milder
than those approved in the cited cases.

 In his argument, defense counsel characterized appellant as an innocent man
wrongly accused and asked the jurors to "send [appellant] home." The State was entitled to
respond to this argument by urging that the evidence showed appellant to be a kidnapper and
reminding the jurors that an acquittal would return appellant to the street. Finding no error, we
overrule points of error one and two.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: March 1, 1995

Do Not Publish