McGaugh 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-94-00742-CR








William D. McGaugh, Appellant




v.




The State of Texas, Appellee








FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT


NO. 94-548-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING








 Appellant was indicted for the offense of involuntary manslaughter. See Act of
May 21, 1987, 70th Leg., R.S., ch. 307, § 1, 1987 Tex. Gen. Laws 1698, 1698 (Tex. Penal Code
Ann. § 19.05(a)(2), since amended and re-codified at Tex. Penal Code Ann. § 49.08). A jury
found appellant guilty and made an affirmative finding that appellant used a deadly weapon--a
motor vehicle--in committing the offense. After finding the prior felony enhancement paragraph
"true," the jury assessed punishment at confinement for twenty years in the Institutional Division
of the Texas Department of Criminal Justice. Appellant claims his conviction must be reversed
because the court improperly admitted a videotape depicting the scene of the offense, and because
the prosecutor informed the jury of the punishment range for a lesser included offense. We will
affirm the judgment of conviction.

 After an evening of drinking and socializing with friends in Austin, appellant left
for his home in Killeen. While travelling on a two-lane highway, appellant's car drifted across
the center of the road onto the opposite shoulder, where it collided with a truck driven by Larry
Pfeiffer. Mr. Pfeiffer died at the scene. At the time of the wreck, appellant had an alcohol
concentration greater than .10 grams per hundred milliliters of blood.

 In his first point of error, appellant contends that the trial court erred in denying
his motion for a mistrial after the prosecutor made the following comment regarding the lesser
included offense of criminally negligent homicide:



It is not negligence. Criminally Negligent Homicide is a Class A misdemeanor in
the State of Texas. It's not a felony. It's punishable by up to one year in jail--



Upon appellant's motion for mistrial, the trial court instructed the jury to disregard the comment
and referred the jury to the portion of the court's charge instructing them not to consider
punishment in determining appellant's guilt or innocence.

 A plea for the jury to consider the amount of punishment, rather than the facts, in
determining the offense for which a defendant should be convicted is improper. McClure v. State,
544 S.W.2d 390, 393 (Tex. Crim. App. 1976). However, an instruction to disregard the
comment will normally cure the error, unless the comment is so inflammatory that its prejudicial
effect cannot reasonably be removed by the instruction. Kinnamon v. State, 791 S.W.2d 84, 89
(Tex. Crim. App. 1990) overruled on other grounds, Cook v. State, 884 S.W.2d 485, 491 (Tex.
Crim. App. 1994). For the improper argument to mandate reversal, it must be "extreme or
manifestly improper, or inject new and harmful facts into evidence." Id. (citing Kerns v. State,
550 S.W.2d 91 (Tex. Crim. App. 1977)).

 In McClure, the prosecutor repeatedly argued the range of punishment to the jury,
even though the trial court had sustained the defendant's objection to the argument. The McClure
court concluded that "[t]he court's instructions to disregard, in view of the prosecutor's continued
remarks, did not remove the harm done." McClure, 544 S.W.2d at 393 (emphasis added). In the
present case, the prosecutor only mentioned the punishment range once, and so did not emphasize
it as a fact that the jury should consider in their deliberations. (1) Under these circumstances, we
conclude that the prejudicial effect of the comment--that the jury might consider the punishment
range in its guilt/innocence deliberations--was removed by the court's instruction. We overrule
point of error one.

 In his remaining points of error, appellant complains that the trial court should not
have admitted a videotape depicting the scene of the wreck in evidence. The State introduced the
videotape during Trooper Eric Hansen's testimony concerning the likely point of impact and the
width of the highway lanes. The tape did not depict the accident itself and did not purport to
show the exact route taken by appellant's car; the State offered the tape to show the distance
appellant's car had to traverse to reach the point of impact. Appellant objected to the tape at trial,
claiming that it was prejudicial because it purported to reconstruct the exact route the car took,
but was made in daylight under conditions different from those on the night of the offense. 
Appellant also argued at trial that accurately reconstructing the offense on videotape was beyond
the capability of Trooper Hansen.

 In his second point of error appellant asserts that the introduction of the tape was
"extremely prejudicial." Although appellant does not cite any rule of evidence in support of his
claim, we construe his argument to rest on Texas Rule of Criminal Evidence 403. See Tex. R.
Crim. Evid. 403 ("[a]lthough relevant, evidence may be excluded if its probative value is
substantially outweighed by the danger of unfair prejudice . . ."). We will uphold the trial court's
decision to admit evidence under Rule 403 absent an abuse of discretion. Montgomery v. State,
810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (on rehearing). A trial court does not abuse its
discretion as long as its ruling is within the zone of reasonable disagreement. Id.

 As sole authority for his point of error, appellant cites a court of appeals holding
that re-enactments of criminal incidents involving human beings are inherently dangerous and
highly prejudicial. See Lopez v. State, 651 S.W.2d 413, 416 (Tex. App.--Fort Worth), remanded
on other grounds, 664 S.W.2d 85 (Tex. Crim. App. 1983). The holding in Lopez does not apply
to the present case for two reasons. First, the Lopez decision turned on the fact that the re-enactment involved actors, whose mere facial expressions or gestures may have an unintended
impact on the jury. Id. at 415. The tape appellant complains of did not show any human beings,
actors or otherwise.

 Second, and more importantly, the tape did not attempt to show a re-enactment of
the wreck. Trooper Hansen testified that the tape did not depict an exact reconstruction of the
path appellant's car took, but instead served to show the width of the lanes and where he
determined the point of impact to be. He pointed out that the tape was made during the day, while
the collision occurred at night, and testified as to road conditions shown on the tape that differed
from those present the night of the offense. In short, Trooper Hansen's testimony clearly
informed the jury that the tape did not purport to show a re-creation of the exact path appellant's
car took when it collided with Mr. Pfeiffer's truck. After reviewing the tape, we conclude that
it did not unfairly prejudice appellant. We overrule point of error two.

 In his third point of error, appellant makes the related argument that the trial court
erred in admitting the tape because the State laid an insufficient predicate for its admission. A
silent videotape, like the one at issue here, can be authenticated by any witness with personal
knowledge who testifies that it accurately represents the scene or event it purports to portray. 
Tex. R. Crim. Evid. 901; Kephart v. State, 875 S.W.2d 319, 321 (Tex. Crim. App. 1994). 
Appellant argues that because the videotape portrays a re-enactment of the wreck, only someone
who observed the wreck first-hand could testify that the tape was an accurate portrayal of it. The
tape does not depict the collision, and as previously noted, Trooper Hansen testified that the
videotape did not purport to re-enact the exact path of appellant's vehicle the night of the wreck,
but instead depicted the width of the highway and the probable point of impact. Trooper Hansen
testified that he had been to the scene of the collision and that the videotape accurately depicted
that scene. This testimony fulfilled the authentication requirements for the videotape under Rule
of Criminal Evidence 901. We overrule appellant's third point of error.

 Having overruled all of appellant's points of error, we affirm the judgment of
conviction.



 

 Bea Ann Smith, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: October 25, 1995

Do Not Publish

1.   We note that the jury had already been informed of the punishment range for
criminally negligent homicide during voir dire; thus the comment did not bring a new fact
before the jury. 


m those on the night of the offense. 
Appellant also argued at trial that accurately reconstructing the offense on videotape was beyond
the capability of Trooper Hansen.

 In his second point of error appellant asserts that the introduction of the tape was
"extremely prejudicial." Although appellant does not cite any rule of evidence in support of his
claim, we construe his argument to rest on Texas Rule of Criminal Evidence 403. See Tex. R.
Crim. Evid. 403 ("[a]lthough relevant, evidence may be excluded if its probative value is
substantially outweighed by the danger of unfair prejudice . . ."). We will uphold the trial court's
decision to admit evidence under Rule 403 absent an abuse of discretion. Montgomery v. State,
810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (on rehearing). A trial court does not abuse its
discretion as long as its ruling is within the zone of reasonable disagreement. Id.

 As sole authority for his point of error, appellant cites a court of appeals holding
that re-enactments of criminal incidents involving human beings are inherently dangerous and
highly prejudicial. See Lopez v. State, 651 S.W.2d 413, 416 (Tex. App.--Fort Worth), remanded
on other grounds, 664 S.W.2d 85 (Tex. Crim. App. 1983). The holding in Lopez does not apply
to the present case for two reasons. First, the Lopez decision turned on the fact that the re-enactment involved actors, whose mere facial expressions or gestures may have an unintended
impact on the jury. Id. at 415. The tape appellant complains of did not show any human beings,
actors or otherwise.

 Second, and more importantly, the tape did not attempt to show a re-enactment of
the wreck. Trooper Hansen testified that the tape did not depict an exact reconstruction of the
path appellant's car took, but instead served to show the width of the lanes and where he
determined the point of impact to be. He pointed out that the tape was made during the day, while
the collision occurred at night, and testified as to road conditions shown on the tape that differed
from those present the night of the offense. In short, Trooper Hansen's testimony clearly
informed the jury that the tape did not purport to show a re-creation of the exact path appellant's
car took when it collided with Mr. Pfeiffer's truck. After reviewing the tape, we conclude that
it did not unfairly prejudice appellant. We overrule point of error two.

 In his third point of error, appellant makes the related argument that the trial court
erred in admitting the tape because the State laid an insufficient predicate for its admission. A
silent videotape, like the one at issue here, can be authenticated by any witness with personal
knowledge who testifies that it accurately represents the scene or event it purports to portray. 
Tex. R. Crim. Evid. 901; Kephart v. State, 875 S.W.2d 319, 321 (Tex. Crim. App.