TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00232-CR







Raul Javier Reyes, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT


NO. 8239, HONORABLE JOHN L. PLACKE, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of burglary of a habitation and assessed punishment
at imprisonment for fifty years. Penal Code, 63d Leg., R.S., ch. 399, sec. 1, § 30.02, 1973 Tex.
Gen. Laws 883, 926 (Tex. Penal Code Ann. § 30.02, since amended). We will affirm.

 Appellant's first two points of error complain of the prosecutor's argument to the
jury at the guilt/innocence stage. Appellant contends the prosecutor improperly referred to
punishment and suggested that he had additional prejudicial information regarding appellant that
the jury had not heard. The argument at issue was:



 I told you from the very beginning that the state was going to press very
hard and we are going to press very hard because after this I fully anticipate we
will be going into the punishment proceeding.


 MR. MARANO [defense counsel]: I'm going to object, Your Honor. I
don't think it's appropriate to talk about punishment.


 THE COURT: Be overruled. Go ahead.


 MR. HAWKINS: And I'm talking about my anticipations and, of course,
I could be wrong and so, but that we will get to the punishment phase and there I
told you that there's two steps. That evidence is not admissible here that will be
admissible there. And so I --


 MR. MARANO: -- I'm going to object to evidence that was not brought
up at trial being brought up in closing argument.


 THE COURT: This is not evidence. This is summation by counsel. You
will remember the evidence as you heard it from the witness stand.



 It is improper for a prosecutor to invite jurors to speculate about extraneous
offenses or other matters not in evidence. Monkhouse v. State, 861 S.W.2d 473, 478 (Tex.
App.--Texarkana 1993, no pet.). Further, a prosecutor should not ask jurors to consider
punishment, rather than the facts, in determining the offense for which a defendant should be
convicted. McClure v. State, 544 S.W.2d 390, 393 (Tex. Crim. App. 1976). We believe the
prosecutor's argument in this cause violated neither of these strictures. The prosecutor did not
ask the jury to convict appellant on the basis of other offenses not in evidence. Neither did he
suggest that the jury should disregard its obligation to consider appellant's guilt or innocence
fairly. The bifurcated nature of a criminal trial had been explained during voir dire and the
prosecutor's remarks did no more than restate facts already known to the jurors.

 We are further satisfied that any error was harmless beyond a reasonable doubt. 
Tex. R. App. P. 81(b)(2). Only three witnesses testified at the guilt/innocence stage. Two, the
complainant and a police officer, testified to the fact of the burglary. A second officer testified
regarding appellant's arrest and confession. A copy of the confession was also in evidence. 
Under the circumstances, any error in the prosecutor's argument did not contribute to the verdict
of guilt. Points of error one and two are overruled.

 Next, appellant contends the prosector's opening statement at the punishment stage
urged the jury to assess punishment for criminal conduct other than the offense for which
appellant had been convicted. The challenged remark was, "[T]he state in this case believes that
punishment in this case is -- isn't just affixed on just this one offense. It's on a lifetime of conduct
and behavior from this individual . . . ."

 Appellant failed to object, thus waiving any error. Tex. R. App. P. 52(a). In
addition, the prosecutor's statement must be considered in the context of his opening statement
as a whole. In it, he briefly described the evidence to be introduced, which included proof of two
previous burglary convictions and testimony describing appellant's bad reputation. Evidence of
other criminal conduct by the accused may be considered in assessing punishment. Tex. Code
Crim. Proc. Ann. art. 37.07, § 3(a) (West Supp. 1996). Point of error three is overruled.

 Finally, appellant contends the district court erroneously permitted the State to
adduce testimony at the guilt/innocence stage regarding appellant's commission of extraneous
offenses. We have examined each instance complained of and find that appellant either did not
object or that his objection did not comport with the complaint on appeal. Tex. R. App. P. 52(a). 
No error is presented. Point of error four is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: January 24, 1996

Do Not Publish



CG Times"> I told you from the very beginning that the state was going to press very
hard and we are going to press very hard because after this I fully anticipate we
will be going into the punishment proceeding.


 MR. MARANO [defense counsel]: I'm going to object, Your Honor. I
don't think it's appropriate to talk about punishment.


 THE COURT: Be overruled. Go ahead.


 MR. HAWKINS: And I'm talking about my anticipations and, of course,
I could be wrong and so, but that we will get to the punishment phase and there I
told you that there's two steps. That evidence is not admissible here that will be
admissible there. And so I --


 MR. MARANO: -- I'm going to object to evidence that was not brought
up at trial being brought up in closing argument.


 THE COURT: This is not evidence. This is summation by counsel. You
will remember the evidence as you heard it from the witness stand.



 It is improper for a prosecutor to invite jurors to speculate about extraneous
offenses or other matters not in evidence. Monkhouse v. State, 861 S.W.2d 473, 478 (Tex.
App.--Texarkana 1993, no pet.). Further, a prosecutor should not ask jurors to consider
punishment, rather than the facts, in determining the offense for which a defendant should be
convicted. McClure v. State, 544 S.W.2d 390, 393 (Tex. Crim. App. 1976). We believe the
prosecutor's argument in this cause violated neither of these strictures. The prosecutor did not
ask the jury to convict appellant on the basis of other offenses not in evidence. Neither did he
suggest that the jury should disregard its obligation to consider appellant's guilt or innocence
fairly. The bifurcated nature of a criminal trial had been explained during voir dire and the
prosecutor's remarks did no more than restate facts already known to the jurors.

 We are further satisfied that any error was harmless beyond a reasonable doubt. 
Tex. R. App. P. 81(b)(2). Only three witnesses testified at the guilt/innocence stage. Two, the
complainant and a