TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00396-CR







Douglas Lee Taylor, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT


NO. 8467, HONORABLE JOHN L. PLACKE, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of aggravated assault. Tex. Penal Code Ann. § 22.02(a)(2)
(West 1994). The district court assessed punishment, enhanced by a previous felony conviction, at
imprisonment for ten years. In his only point of error, appellant contends the district court should have
ordered a mistrial following improper jury argument by the prosecutor.

 It was undisputed at trial that appellant assaulted his wife, the complaining witness. The
only seriously disputed issue was whether, in addition to his fists, appellant struck the complainant with "a
cedar pole, which in its use or intended use was capable of causing death or serious bodily injury" as
alleged in the indictment. The complainant testified that appellant struck her with such a pole. Appellant
admitted beating his wife with his fists but denied that he used the cedar pole. The district court instructed
the jury to convict appellant of aggravated assault if it found beyond a reasonable doubt that he assaulted
the complainant with "a deadly weapon, to-wit: a cedar pole," but to find him guilty of the lesser offense
of assault if it found that he did not use a deadly weapon during the assault.

 During his closing argument at the guilt stage, the prosecutor reminded the jury that
appellant admitted beating the complainant and stated: "He knows darn well and you all have sense enough
to know why he doesn't admit to this [the pole], because it makes the crime much more serious. It makes
it an aggravated offense, not a misdemeanor assault." Appellant objected to the prosecutor telling the jury
that the lesser offense was a misdemeanor. The court sustained the objection and instructed the jury to
disregard the prosecutor's statement. Appellant's motion for mistrial was overruled.

 A plea for the jury to consider the amount of punishment, rather than the facts, in
determining the offense for which a defendant should be convicted is improper. McClure v. State, 544
S.W.2d 390, 393 (Tex. Crim. App. 1976). An instruction to disregard normally will cure error in jury
argument, however, unless the comment is so inflammatory that its prejudicial effect cannot be removed
by the instruction. Kinnamon v. State, 791 S.W.2d 84, 89 (Tex. Crim. App. 1990), overruled on other
grounds, Cook v. State, 884 S.W.2d 485, 491 (Tex. Crim. App. 1994). Appellant argues that we should
determine whether reversal is required by applying the factors discussed in Harris v. State, 790 S.W.2d
568, 587 (Tex. Crim. App. 1989) (factors to consider when deciding if error was harmless). We apply
Harris when an objection to improper jury argument is erroneously overruled, but Kinnamon supplies the
test when the objection is sustained and an instruction to disregard is given. Riley v. State, 849 S.W.2d
901, 903-04 (Tex. App.--Austin 1993, pet. ref'd).

 In McClure, the prosecutor repeatedly argued the range of punishment to the jury at the
guilt stage, even though the trial court had sustained the defendant's objection to the argument. The
appellate court concluded that the trial court's instructions to disregard did not remove the harm "in view
of the prosecutor's continued remarks." McClure, 544 S.W.2d at 393. In the present cause, the
prosecutor used the word "misdemeanor" only once, and so did not emphasize it as a fact the jury should
consider in deliberating appellant's guilt. Moreover, the jury knew that assault was a lesser offense and
could rationally infer that it carried a lesser punishment than aggravated assault. Under the circumstances,
we conclude that the prejudicial effect of the prosecutor referring to the lesser offense as a misdemeanor
was removed by the court's instruction to disregard. The point of error is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and Jones

Affirmed

Filed: January 23, 1997

Do Not Publish



TER>NO. 8467, HONORABLE JOHN L. PLACKE, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of aggravated assault. Tex. Penal Code Ann. § 22.02(a)(2)
(West 1994). The district court assessed punishment, enhanced by a previous felony conviction, at
imprisonment for ten years. In his only point of error, appellant contends the district court should have
ordered a mistrial following improper jury argument by the prosecutor.

 It was undisputed at trial that appellant assaulted his wife, the complaining witness. The
only seriously disputed issue was whether, in addition to his fists, appellant struck the complainant with "a
cedar pole, which in its use or intended use was capable of causing death or serious bodily injury" as
alleged in the indictment. The complainant testified that appellant struck her with such a pole. Appellant
admitted beating his wife with his fists but denied that he used the cedar pole. The district court instructed
the jury to convict appellant of aggravated assault if it found beyond a reasonable doubt that he assaulted
the complainant with "a deadly weapon, to-wit: a cedar pole," but to find him guilty of the lesser offense
of assault if it found that he did not use a deadly weapon during the assault.

 During his closing argument at the guilt stage, the prosecutor reminded the jury that
appellant admitted beating the complainant and stated: "He knows darn well and you all have sense enough
to know why he doesn't admit to this [the pole], because it makes the crime much more serious. It makes
it an aggravated offense, not a misdemeanor assault." Appellant objected to the prosecutor telling the jury
that the lesser offense was a misdemeanor. The court sustained the objection and instructed the jury to
disregard the prosecutor's statement. Appellant's motion for mistrial was overruled.

 A plea for the jury to consider the amount of punishment, rather than the facts, in
determining the offense for which a defendant should be convicted is improper. McClure v. State, 544
S.W.2d 390, 393 (Tex. Crim. App. 1976). An instruction to disregard normally will cure error in jury
argument, however, unless the comment is so inflammatory that its prejudicial effect cannot be removed
by the instruction. Kinnamon v. State, 791 S.W.2d 84, 89 (Tex. Crim. App. 1990), overruled on other
grounds, Cook v. State, 884 S.W.2d 485, 491 (Tex. Crim. App. 1994). Appellant argues that we should
determine whether reversal is required by applying the factors discussed in Harris v. State, 790 S.W.2d
568, 587 (Tex. Crim. App. 1989) (factors to consider when deciding if error was harmless). We apply
Harris when an objection to improper jury argument is erroneously overruled, but Kinnamon supplies the
test when the objection is sustained and an instruction to disregard is given. Riley v. State, 849 S.W.2d
901, 903-04 (Tex. App.--Austin 1993, pet. ref'd).

 In McClure, the prosecutor repeatedly argued the range of punishment to the jury at the
guilt stage, even though the trial court had sustained the defendant's objection to the argument.