Affirmed and Memorandum Opinion filed July 25, 2006








Affirmed and Memorandum Opinion filed July 25, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00448-CR

____________

 

ANN CAROLINE YORK, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 11

Harris County, Texas

Trial Court Cause No. 1257642

 



 

M E M O R A N D U M   O P I N I O N

Appellant Ann Caroline York was convicted of driving while
intoxicated.  In a single issue, appellant argues the trial court erred in
denying her motions for mistrial after the prosecutor repeatedly ignored the
court=s rulings and
admonitions during closing arguments.  We affirm.

Background








On September 8, 2004, appellant was arrested for driving
while intoxicated when police determined that she was intoxicated after an
automobile accident.  Appellant was taken to the police station where she
refused a breath test but was videotaped performing several sobriety tests. 
The jury viewed the videotape at trial.  Defense counsel cross-examined the
police officers on whether they knew if appellant could perform the sobriety
tests if she was sober.  Specifically, defense counsel asked the officers if
they knew what was normal for appellant in regard to her mental and physical
faculties.  Appellant and her friend testified at trial that appellant=s friend was
driving the car at the time of the accident, not appellant.  Immediately after
the accident, appellant moved to the driver=s seat and said
she had been driving because the car belonged to her and she did not know if
her insurance would cover her friend.

During the charge conference, the prosecutor requested an
instruction pursuant to Railsback v. State, 95 S.W.3d 473, 484 (Tex.
App.CHouston [1st
Dist.] 2002, pet. ref=d), that the State was not required to
prove appellant=s normal use.  The prosecutor alleged that
appellant had been permitted to tell the jury that the State had to prove
appellant=s normal use of her faculties.  The court included an
instruction in the charge that A[n]ormal use means in the manner in which
a normal non-intoxicated person would be able to use his faculties.@

Closing Argument

Appellant argues the trial court erred in failing to grant
her multiple requests for a mistrial after the prosecutor made the following
improper jury arguments:

[Prosecutor]:  Defense counsel is asking you to follow the law, I=m asking you to do the same.  This
is the jury charge.  This is what B this is from the judge.  It tells you what the law is. 
This is what you=re to be guided by when you go back
to the jury deliberations room.  This is not your normal jury charge.  This is
what I have right down here defines what normal B 

[Defense counsel]:  Objection as to
what=s normal or
abnormal.

THE COURT:  Sustained.

[Defense counsel]:  Move to
instruct the jury to disregard.

THE COURT:  Jury to disregard.








[Defense counsel]:  Move for a
mistrial.

THE COURT:  Be overruled.

[Prosecutor]:  This isn=t normally defined right here.  I fought tooth and nail to get this in
here.          

[Defense counsel]:  Objection as to
what tooth and nail [sic], move to strike.

THE COURT:  The jury will
disregard.  It will be overruled.

[Prosecutor]:  Because during the entire trial, the voir dire all the
way up through closing arguments, you=ve been mislead as to what normal use is.

[Defense counsel]:  Objection, Your
Honor, now he=s striking over at me B 

THE COURT:  Sustain the objection.

[Defense counsel]:  Move for a
mistrial.

THE COURT:  Be overruled.

[Defense counsel]:  Ask the Court
to instruct the jury to disregard.

THE COURT:  Jury will disregard.

[Prosecutor]:  I want to talk about what normal use is.  During this
trial, you heard Defense counsel suggest that, and even through
cross-examination of these officers, ADo you know what this defendant=s normal use is?@  Throughout this entire trial, it=s been about, according to Defense
counsel, what this particular Defendant=s normal use is.  That is not the law.  

* * * * *

Normal use means a manner in which the normal, non intoxicated person
would be able to use his faculties, not necessarily Ms. York.  I don=t have to prove Ms. York=s normal use.  That is impossible. 
How do I know that?  How do we know that?  Cases are appealed and taken up, and
they come back with the law and gives [sic] us this interpretation right here.

[Defense counsel]:  Objection,
there=s been no
testimony to that.

THE COURT:  Sustained.








[Defense counsel]:  Move to have the jury disregard the Prosecutor=s comments.

THE COURT:  Jurors will disregard. 
Be denied.

[Defense counsel]:  Ask for a
mistrial.

THE COURT:  Be denied.

[Prosecutor]:  There=s laws that guides [sic] us to take one B interpret normal use.  In that particular case, the
attorney who took it up on appeal is none other than, [defense counsel] B 

[Defense counsel]:  Your Honor, now
I ask again for a mistrial B 

THE COURT:  Sustain the objection.

[Defense counsel]:  Move to strike
the jury B 

THE COURT:  The jury will disregard
B 

[Prosecutor]:  If there is anyone B 

THE COURT:  Just a minute.  Wait
till I get through ruling.

[Prosecutor]:  Yes, Your Honor.

[Defense counsel]:  Your Honor, I
ask for instructions B 

THE COURT:  The jury will disregard
the last statement.

[Defense counsel]:  I ask for a
mistrial.

THE COURT:  That will be overruled.

[Prosecutor]:  And if there=s anyone B 

THE COURT:  And Mr. B 








[Prosecutor]:  Pardon.

THE COURT:  Argue the facts in this case not what happened not in front
of the jury.

[Prosecutor]:  Yes, sir.  And if there is anyone in Harris County, Texas
that knows what normal use is, it=s [defense counsel] because he took it up on appeal.

[Defense counsel]:  Your Honor, I
move B 

THE COURT:  That may be unsworn
testimony.

[Prosecutor]:  Your Honor, I would
just ask for a little leeway.

THE COURT:  That will be overruled
and the jury will disregard that.

[Defense counsel]:  I ask the Court to instruct the Prosecutor to
remain within the proper bounds of argument.

THE COURT:  Well, I just asked him
to do that.

[Prosecutor]:  I=ll do that, Your
Honor.

THE COURT:  Yes, sir.

[Prosecutor]:  And for him to suggest otherwise as to what the law is,
is shameful.

[Defense counsel]:  Your Honor,
again, he=s attacking me again.

THE COURT:  Sustain the objection.  Jury will disregard.  Motion for
mistrial is overruled.

 

Standard of Review








Proper
jury argument must fall within one of the following four categories:  (1)
summation of the evidence, (2) reasonable deduction from the evidence, (3)
response to opposing counsel=s argument, or (4) plea for law enforcement.  Cooks v.
State, 844 S.W.2d 697, 727 (Tex. Crim. App. 1992).  Even if the argument is
outside one of these areas and thus improper, an instruction by the trial judge
to the jury to disregard the remarks will normally cure the error.  Id.  When
the trial court sustains an objection and instructs the jury to disregard, but
denies a defendant=s motion for mistrial, the issue is whether the trial court
abused its discretion in denying a mistrial.  Hawkins v. State, 135
S.W.3d 72, 77 (Tex. Crim. App. 2004).  Only in extreme circumstances, when the
prejudice caused by the improper argument is incurable, that is, Aso prejudicial that expenditure of
further time and expense would be wasteful and futile,@ will a mistrial be required.  Id. 
The error is reversible if, in light of the record as a whole, the jury
argument was extreme or manifestly improper or injected new facts harmful to
the accused.  See Wesbrook v. State, 29 S.W.3d 103, 115 (Tex. Crim. App.
2000).

Analysis

Appellant asserts that by arguing about a previous case
that addressed the definition of normal use, the prosecutor injected matters
outside the record and struck over defense counsel=s shoulder. 
Argument outside the record exceed the scope of permissible jury argument.  Borjan
v. State, 787 S.W.2d 53, 57 (Tex. Crim. App. 1990).  The prosecutor=s argument about a
previous case tried by defense counsel was clearly outside the record. 
Therefore, the trial court properly sustained the objections and instructed the
jury to disregard the argument.  However, the comment was not particularly
egregious, and we therefore assume the trial court=s instruction to
disregard remedied any harm.  See Wesbrook, 29 S.W.3d at 115 (holding
that prosecutor=s reference to a prior police statement
contradicting defendant=s trial testimony that was not admitted at
trial was improper but not harmful because the court instructed the jury to
disregard).








A
prosecutor risks improperly striking at a defendant over counsel=s shoulder when the argument refers
to defense counsel personally and when the argument explicitly impugns his
character.  Mosley v. State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998).
 The
rule is designed to avoid the type of character attacks that level
unsubstantiated accusations of improper conduct at defense counsel.  Coble
v. State, 871 S.W.2d 192, 205 (Tex. Crim. App. 1993).  The prosecutor=s comments about
defense counsel=s Ashameful@ conduct were
improper attacks on defense counsel=s character. 
Accordingly, the trial court properly sustained appellant=s objections and
instructed the jury to disregard the remarks.  However, the comments were
relatively mild as they did not, for example, directly accuse counsel of
dishonesty or manufacturing evidence.  See Mosley, 983 S.W.2d at
260.  Thus, we assume the jury followed the trial court=s instruction to
disregard and conclude that the comments, though improper, were not harmful.  See
Phillips v. State, 130 S.W.3d 343, 356 (Tex. App.CHouston [14th
Dist.] 2004) (noting that we presume the jury followed an instruction to
disregard unless the comments were so highly inflammatory that a jury could not
ignore them), aff=d on other grounds, No. PD-499-04,
__ S.W.3d __, 2006 WL 1540780 (Tex. Crim. App. June 7, 2006); see also
Wilson v. State, 7 S.W.3d 136, 148 (Tex. Crim. App. 1999) (AWhere arguments
that strike over the shoulders of defense counsel are not particularly
egregious, an instruction to disregard will generally cure the error.@).








Appellant
further argues that the prosecutor=s improper arguments constituted
repeated and conscious disregard for the rules of proper jury argument and thus
an instruction to disregard could not cure the errors.  Though we agree that
the prosecutor=s repeated refusal to heed the trial court=s rulings was highly improper, his
conduct does not rise to the level of reversal.  In support of her argument,
appellant cites several cases, but they are distinguishable.  For example,
appellant cites Bennett v. State, 677 S.W.2d 121 (Tex. App.CHouston [14th Dist.] 1984, no pet.),
for the proposition that a prosecutor=s repeated violation of the rules of
proper jury argument cannot be cured by an instruction to disregard.  However, Bennett
involved twenty‑four objections by the appellant during the prosecutor=s argument at the punishment stage of
the trial, thirteen of which were sustained by the trial court.  Id. at
126.  By contrast, here there were only seven instances during the
guilt-innocence stage of trial where objections were sustained for improper
jury argument.  The improper arguments occurred only at the beginning of the
prosecutor=s argument and in a relatively confined period of time compared to the
remaining argument.  Each objection was sustained, and each ruling was followed
by an instruction to disregard.  Further, although the prosecutor engaged in
improper arguments, unlike in Everett and McClure, the repetitive
nature of the argument was not so prejudicial as to require a mistrial.  See
Everett v. State, 707 S.W.2d 638, 640B41 (Tex. Crim. App. 1986); McClure
v. State, 544 S.W.2d 390, 392B93 (Tex. Crim. App. 1976). 
Accordingly, we overrule appellant=s sole issue.

We
affirm the trial court=s judgment.

 

 

 

 

 

/s/        Leslie Brock Yates

Justice

 

 

 

 

Judgment rendered and Memorandum
Opinion filed July 25, 2006.

Panel consists of Chief Justice
Hedges and Justices Yates and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).