Affirmed and Memorandum Opinion filed July 29, 2008








Affirmed and Memorandum Opinion filed July 29, 2008.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00033-CR

_______________

 

DAVID ROY LAURENT, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                               
                                                

On Appeal from the 21st District Court

 Washington County, Texas

Trial Court Cause No. 14,669  

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

A jury
found appellant, David Roy Laurent, guilty of the offense of robbery.  The
trial court rendered judgment on the jury verdict and sentenced appellant to
five years confinement in the Texas Department of Criminal Justice,
Institutional Division.  In a single issue, appellant challenges the trial
court=s denial of his motion for mistrial
based on the State=s allegedly improper comment on punishment during closing
argument of the guilt-innocence stage of his trial.  We affirm.








I.  Factual and Procedural Background

On March
19, 2006, appellant entered a convenience store in Washington County.  After
attempting to purchase cigarettes and a lighter, he demanded money from the
store clerk.  Appellant pounded on the cash register, opened it, and took
$164.00 in cash from the register.  After threatening the store clerk with a
knife, appellant attempted to flee.  The clerk and another customer caught
appellant, wrestled him to the ground, and detained him until police arrived. 
Police officers arrested appellant, but found no weapon on his person, nor did
they find a weapon at the scene.

Appellant
was indicted on March 19, 2006 for robbery while in the course of committing
theft.  His jury trial commenced in September 2006.  During voir dire, the
prosecutor made the following comments concerning appellant=s offense:

For instance, if something is stolen and it=s less than $50, then that is just a Class C
misdemeanor punishable by a fine only.  If the value of the property stolen is
between $50 and $500, then that=s a Class B
misdemeanor and it=s punishable by up to a 180 days in the Washington
County jail.  And if you steal something between [$]500 and $1500, that=s a Class A misdemeanor and the punishment would be up
to 365 days in the Washington County jail.  And if you steal something over
[$]1500 [and] less than [$]20,000, that=s a
state jail theft and it=s punishable by anywhere from a 180 days to two years
in a state jail facility.

So what you have to first determine is do you have a theft.  And it
doesn=t matter what the value of the theft is if you have
the second part of the robbery.  And the second part is that you cause bodily
injury or you place another in fear of bodily injury or death.

During
closing argument, the State referred to the lesser-included offense of theft in
the jury charge: 

There=s also a paragraph in the charge, Paragraph 5, that
talks about a lesser included offense and you might recall during voir dire
back on Monday when Ms. Mueller was talking to you about robbery and in the - -
while in the course of committing theft.  Well, theft in this amount of 50
to $500 is a misdemeanor.








(emphasis added). 
Appellant immediately objected to this statement, and the trial court sustained
the objection and instructed the jury to disregard.  Appellant then moved for a
mistrial, the trial court instructed the jury to refrain from considering the
prosecutor=s statement for Aany purpose,@ and denied appellant=s request for a mistrial.

The jury
subsequently found appellant guilty of robbery, and the trial court sentenced
appellant to five years confinement.  This appeal timely ensued.

II.  Issue Presented

In a
single issue, appellant challenges his conviction on the basis that the trial court
erred in denying his motion for mistrial based on the prosecutor=s argument quoted above.

III.  Analysis

We
review the trial court=s denial of a motion for mistrial under an abuse‑of‑discretion
standard.  Hawkins v. State, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004)
(en banc).  A mistrial is an extreme remedy for prejudicial events that occur
at trial and should therefore be exceedingly uncommon.   Austin v. State,
222 S.W.3d 801, 815 (Tex. App.CHouston [14th Dist.] 2007, pet. ref=d).  A mistrial should only halt
trial proceedings when an error is so prejudicial that continuing the trial
would be wasteful and futile because an impartial verdict cannot be reached or
a conviction would have to be reversed on appeal due to obvious error.  See
Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). Determining
whether a mistrial should have been granted involves similar considerations
attendant to a harm analysis.  Hawkins, 135 S.W.3d at 77.  We must make
this determination in light of any curative instruction by the trial court.  Id.

Appellant
claims the State=s single reference to the fact that theft is a misdemeanor
offense during closing argument at the guilt-innocence stage was Aextreme@ and Amanifestly improper.@  Appellant further suggests that
this comment was a Awilful and calculated effort by the State to deprive
[a]ppellant of a fair and impartial trial.@  We disagree.








Generally,
it is improper for the State to comment on punishment during the
guilt-innocence stage of trial.  See McClure v. State, 544 S.W.2d 390,
393 (Tex. Crim. App. 1976); Wright v. State, 178 S.W.3d 905, 930 (Tex.
App.CHouston [14th Dist.] 2005, pet. ref=d); Bruton v. State, 921
S.W.2d 531, 536 (Tex. App.CFort Worth 1996, pet. ref=d).  But the harm from such remarks
will ordinarily be cured by an instruction to disregard, unless the statements
were so manifestly improper as to inflame and prejudice the minds of the jury. 
McClure, 544 S.W.2d at 393, Bruton, 921 S.W.2d at 536.   

The
Court of Criminal Appeals in McClure explained that the harm from
commenting on punishment during guilt-innocence arises from the State=s suggestion that the defendant
should be convicted of the greater offense because of the amount of
punishment.  McClure, 544 S.W.2d at 393.  Moreover, the prosecutor in McClure
repeatedly referred to the difference in the number of years the defendant
could be confined if convicted of the lesser-included offense as opposed to the
greater offense, despite repeated sustained objections and warnings from the
trial court.  Id. at 391B93.  








Here,
however, the State made a single reference to the misdemeanor offense of theft
without discussing the punishment range, and did not refer at all to the
classification or punishment range for the greater offense.  Thus, the record
does not support the conclusion that the prosecutor was suggesting that
appellant should be convicted of the greater offense because of the amount of
punishment.  In addition, the prosecutor made only a single reference to the
classification of the lesser offense; once the trial court sustained appellant=s objection, the State did not
continue to discuss the classification of theft as a misdemeanor, and instead
focused on appellant=s guilt based on the facts of the case.[1] 
Finally, as noted above, the venire panel was informed of the various
classifications of the offenses with which appellant had been charged during
voir dire without objection.  Taken in context, the argument was not so extreme
or manifestly improper that the trial court=s instruction failed to cure any
error. 

Under
these circumstances, we conclude the trial court did not abuse its discretion
in denying appellant=s motion for mistrial.  We overrule his sole issue.

IV.  Conclusion

Having overruled appellant=s sole issue, we affirm the judgment
of the trial court.

 

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Memorandum
Opinion filed July 29, 2008.

Panel consists of Justices Frost,
Seymore and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).









[1]  In Hart v.
State, the Court of Criminal Appeals concluded that it was not reversible
error for the trial court to allow the State to argue that the defendant should
not be convicted of the lesser-included offenses, one of which the State
explicitly stated was a misdemeanor during closing argument of the
guilt-innocence stage.  581 S.W.2d 675, 678B79
(Tex. Crim. App. 1979).  There, the Court stated, A[T]he State mentioned that one of the lesser included
offenses was a misdemeanor but also argued for the jury to decide guilt on the
facts.  The harm is not in informing the jury concerning punishment, but
argument for conviction based on punishment.@  Id. 
Thus, it is not evident that the prosecutor=s
argument in this case was actually improper.