Affirmed and Memorandum Opinion
filed August 3, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00592-CR

NO. 14-09-00593-CR



Edward Louis Thomas, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 176th District Court

Harris County, Texas

Trial Court
Cause Nos. 1101865, 1101866



 

MEMORANDUM OPINION 

A jury found appellant Edward Louis Thomas guilty of
two counts of aggravated assault against a public servant.  The trial court
assessed his punishment at forty years’ confinement for one count and
thirty-five years’ confinement for the other, both sentences to run
concurrently.  Appellant challenges his two felony convictions on the grounds
that the trial court erroneously admitted extraneous offense evidence and the
State made improper jury argument.  We affirm.

Background

The facts of this case are largely uncontested.  In
January 2007, Houston Police Department (“HPD”) officers Michael Hamby and Tim
Butler stopped for lunch at a restaurant in Humble.  They were both in plain
clothes.  Officer Hamby had his police identification on a chain around his
neck and his badge on his belt.  Officer Butler was wearing a jacket with the
word “POLICE” written in large print on the back.  Both officers were armed
with their service weapons.  After they finished their lunch, they exited the
restaurant and saw appellant sitting in the front seat of their unmarked police
vehicle with the driver’s door open.  The officers immediately drew their
weapons, identified themselves as police officers, and ordered appellant out of
the vehicle.

Appellant did not surrender to the officers; instead,
he exited the vehicle and slipped into the front seat of another vehicle parked
next to the officers’ unmarked vehicle.  This car had been parked, with the
engine running, so that the driver’s door was next to the driver’s door of the
officers’ vehicle.  The officers moved to flank the car, with Officer Hamby on
the passenger side of appellant’s car and Officer Butler on the driver’s side. 
Both officers continued to demand that appellant exit his vehicle.  Officer
Hamby could see only one of appellant’s hands, so he was concerned that
appellant could be reaching for a weapon on the vehicle’s floorboard.  Appellant
accelerated forward, hitting Officer Hamby on the right leg.  Appellant’s car also
hit Officer Butler, throwing him onto the hood of the vehicle.  Officer Butler
shot at appellant through the windshield of the vehicle; Officer Hamby also discharged
his weapon at the vehicle several times.

The car veered to the right, throwing Officer Butler
off the hood.  Officer Butler continued to fire at the vehicle.  Appellant
drove the car over a curb and came to a stop in some bushes.  Appellant did not
immediately get out of the car; instead, he fumbled with something inside the
car.  He emerged from the vehicle and kneeled on one knee.  The officers
continued to order him to the ground.  Officer Hamby called 911 for assistance
and an ambulance.  While Officer Hamby was on the phone with the 911
dispatcher, appellant stood up and appeared to reach for something under his
sweatshirt.  Officer Butler fired at appellant several more times.  Appellant
then fell to the ground.  Humble Police Department (“Humble PD”) officers
arrived at the scene shortly thereafter.  Although this offense involved HPD
officers, because it occurred in Humble, Humble PD officers were in charge of
the investigation.  Various other agency officials also arrived, including an
official from the Harris County District Attorney’s office.[1] 
Appellant was transported to the hospital.

Appellant was charged with two counts of aggravated
assault against a public servant.  He pleaded not guilty and was tried by a
jury.  Officers Hamby and Butler testified at trial, along with numerous other
witnesses.  Appellant’s defense centered on the theory that officers Hamby and
Butler overreacted because they were angry appellant had broken into their car,
and concocted the story that appellant had intentionally tried to hit them with
his vehicle to justify the shooting.  After hearing the evidence and argument
of the attorneys, the jury found appellant guilty as charged in the indictments. 
After a punishment hearing, the trial court assessed appellant’s punishment at
forty years’ confinement for cause number 1101865 and thirty-five years’
confinement for cause number 1101866, with the sentences to be served
concurrently.  Appellant timely appealed the trial court’s judgments.

Analysis

            Appellant
presents three issues on appeal.  In his first issue, he contends that the
trial court erroneously admitted extraneous offense evidence.  In his second
and third issues, he complains about allegedly improper jury argument by the
State.  We address each issue in turn. 

I.         Extraneous
Offense Evidence

In his first issue, appellant asserts that the trial
court erred by admitting evidence of an extraneous offense during the
guilt-innocence phase of appellant’s trial.  He asserts this evidence was prejudicial
to the defense and not probative of any issue in the trial.  We review a trial
court’s decision to admit or exclude evidence for abuse of discretion.  Torres
v. State, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002).  We will not reverse a
trial court’s ruling unless that ruling falls outside the zone of reasonable
disagreement.  Id.  We cannot reverse a trial court’s admission decision
solely because we disagree with it.  Powell v. State, 63 S.W.3d 435, 438
(Tex. Crim. App. 2001).  We must affirm a trial court’s ruling if it is correct
on any theory of law applicable to the case.  Martin v. State, 173
S.W.3d 463, 467 (Tex. Crim. App. 2005). 

Generally, extraneous offense evidence is not
admissible to prove the character of a person or to show action in conformity
therewith.  See Tex. R. Evid. 404(b); Daggett v. State, 187
S.W.3d 444, 450-51 (Tex. Crim. App. 2005).  However, “[e]vidence that is
otherwise inadmissible may become admissible when a party opens the door to
such evidence.”  Williams v. State, 301 S.W.3d 675, 687 (Tex. Crim. App.
2009); Jensen v. State, 66 S.W.3d 528, 538 (Tex. App.—Houston [14th
Dist.] 2002, pet. ref’d).  

Here, appellant filed a pre-trial motion in limine
seeking to prevent the State from introducing evidence regarding weapons found
in his vehicle after his arrest.  After appellant’s vehicle was towed from the
crime scene and processed by the Humble PD’s Crime Scene Unit, one of the officers
discovered a loaded magazine for a Glock handgun in the center armrest of the
vehicle.  This discovery led him to search further, and he found a loaded Glock
handgun in a hidden compartment located on the lower driver’s side of the console
area, near the floorboard.  With help from another officer, he also located a
9-millimeter Smith and Wesson handgun with hollow-point bullets behind the
glove compartment of the vehicle.  

On direct examination, Officer Hamby testified that
he could see only one of appellant’s hands when appellant was driving the
vehicle toward him and Officer Butler.  Officer Hamby testified he was
concerned that appellant might be reaching for something on the floorboard.  Officer
Hamby also explained that, once appellant got out of the vehicle, he appeared
to reach for something under his sweatshirt.  Officer Hamby further testified
that he believed appellant was reaching for a weapon at that time because “[h]e
had just tried to hit two police officers with a motor vehicle, [was] still
noncompliant with [their] commands, and at that point [they] had still not done
a pat-down search to find out if he had any weapons on him.”

On cross, the following exchange occurred:

Q.        Detective Hamby, are you aware of whether or not
there was a weapon ever found on the defendant at the time of the arrest?

            [Prosecutor]:             May we approach?

            The Court:     I think so.

            (The following proceedings were had at the
bench:)

            The Court:     You’re confusing him because he
didn’t know how to answer it because he’s been told not to mention the guns
found in the car.

            [Appellant]:  I didn’t ask him about the guns
in the car.

            The Court:     But he’s unclear as to --

            [Appellant]:  He could have said that.  I just
want to know if he found any on his person.

            The Court:     I know, but you went dangerously
into territory.  That’s why he’s not answering you.  He’s not sure what he’s
allowed to say.

            [Appellant]:  [The prosecutor] can counsel him
right now.

. . .

(The following proceedings were
had in open court:)

Q.        All right.  Sorry, Detective Hamby, but did you
ever, or to the best of your knowledge was there any weapons ever found on the
person of the defendant at the time when he was arrested and searched?

A.        Not on his person, no, sir.

Q.        No weapons, right?

A.        No, sir.

            [Prosecutor]:  Judge, may we approach?

            The Court:     Yes.

            (The following proceedings were had at the
bench:)

            [Prosecutor]: That just opened the door,
Judge.

            [Appellant]:  I don’t think so, your Honor.  I
think the --

            The Court:     Well, I do. 

(emphasis added).

Relying on Carter v. State, 145 S.W.3d 702,
708 (Tex. App.—Dallas 2004, pet. ref’d), appellant contends that trial
counsel’s questioning did not open the door to this evidence.  In Carter,
the defendant sold crack cocaine to an undercover officer at a suspected drug
house; at least one other individual was present at the house when the sale
occurred.  Id. at 705.  About two weeks later, the undercover officer
returned to the house and went inside to get “a better layout in order to
prepare to execute a search warrant.”  Id. at 706.  A few days later,
the officer and several others entered the house to execute the search
warrant.  Id.  The defendant was discovered in the living room of the
house and his briefcase and some documents belonging to him were found in the
bedroom, although none of these documents included the address of the house
where the drug-bust occurred.  Id.  The officers found cocaine in a back
room and marijuana in the den of the house; a runaway juvenile was also present
in the house during the drug-bust.  Id.  At his trial, his counsel
confirmed with the undercover officer that no narcotics had been discovered on
“the person” of the appellant.  Id. Over appellant’s Rule 404 objection,[2]
the trial court subsequently admitted the cocaine evidence as “res gestae” of
the offense.  Id. at 707.  The Fifth Court of Appeals determined that
the trial court erred in admitting this evidence.  As is pertinent here, the
court explained that the defendant’s questioning of the officer regarding any
drugs found on his person did not

“open the door” to allowing testimony that cocaine was
found in a different room than the room in which appellant was arrested, in a
house that was not proven to belong to appellant, and where another person was
present, and others had been present, every time the officer had been there. 
Consequently, the evidence strayed “beyond the scope of the invitation.”

Id. at 708.  

In this case, appellant was the driver and only
occupant of the vehicle used to hit the officers.  A loaded gun was found in a
compartment near appellant’s right foot, and Officer Hamby testified that he
was concerned that appellant might be reaching for something on the floorboard
when appellant accelerated toward him and Officer Butler.  Additionally,
although appellant was arrested once he exited the vehicle, it was his use of
the vehicle itself that resulted in the charges filed against him.  We thus
find the analysis in Carter inapposite to appellant’s case.  

Further, although appellant’s first question was specific
as to whether weapons were found on his person, his follow-up question was more
general and asked Officer Hamby whether weapons were found.  Officer Hamby’s
negative response to this question left the jury with the impression that
appellant had no weapons either at the time he was in the officers’ vehicle or
in his own vehicle.  But because a loaded weapon was found in the general
vicinity of the driver’s side floorboard, it is entirely possible that
appellant was either armed when he was burglarizing the officers’ vehicle or
was attempting to arm himself when the officers ordered him to exit his own
vehicle.  We thus agree with the trial court that this evidence was relevant
and admissible to correct the false impression left by Officer Hamby’s testimony. 
We overrule his first issue.

II.        Improper Jury
Argument

            In his second
issue, appellant contends that the trial court erred by failing to provide an
instruction to disregard the State’s closing argument that the lesser-included
offense of deadly conduct is a misdemeanor.  In his third issue, appellant
asserts the trial court erred by not sustaining his objection to the State’s
argument that convicting appellant of deadly conduct would be an insult to the
officers.  Appellant points to the following exchange to support these issues:

[The State]:   The next thing you’re
going to find in here is a lesser included offense.  You’ve probably heard that
term before.  Folks, what that means is any time someone, or the facts, even if
they’re small facts, even if they’re not credible facts, any time it’s raised,
a lesser included offense, the defendant is entitled to have that in this jury charge. 
That doesn’t mean you should consider it.  It doesn’t  mean that the State or
the Court or anybody is telling you that that’s really what happened here, it’s
just he’s entitled to it, okay. So it’s another protection that he gets to make
sure that this process is fair.

Now, I crossed it out on mine
because I’m telling you this was not a deadly conduct and it would be a slap in
the face of these officers to convict Mr. Thomas of a Class A misdemeanor given
the facts of what happened in this case.  So my position is you don’t need to
consider that for any reason. 

[Defense Counsel]:  Your Honor, I
object on the -- her characterization.  There’s been absolutely no evidence of
what that offense carries, and I think it’s -- she’s basically prejudiced the
jury.  I’d ask the jury be instructed to disregard her characterization of what
deadly conduct is, and I move for a mistrial.

THE COURT:  Stay within the record
with the argument.  Motion for a mistrial is denied.

            In his second
issue, appellant contends that the trial court erred by failing to instruct the
jury to disregard the State’s comment that the lesser-included offense of
deadly conduct was a misdemeanor.  Proper jury argument falls within one of
four general areas:  (1) summation of the evidence; (2) reasonable deduction
from the evidence; (3) answer to argument of opposing counsel; and (4) plea for
law enforcement. Brown v. State, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008).
 Ordinarily, it is improper for the State to comment on punishment during the
guilt-innocence stage of trial.  See McClure v. State, 544 S.W.2d 390,
393 (Tex. Crim. App. 1976); Wright v. State, 178 S.W.3d 905, 930 (Tex.
App.—Houston [14th Dist.] 2005, pet. ref’d).  However, the Court of Criminal
Appeals in McClure explained that the harm from commenting on punishment
during guilt-innocence arises from the State’s suggestion that the defendant should
be convicted of the greater offense because of the amount of punishment.  McClure,
544 S.W.2d at 393.  Moreover, the prosecutor in McClure repeatedly
referred to the difference in the number of years the defendant could be
confined if convicted of the lesser-included offense as opposed to the greater
offense, despite repeated sustained objections and warnings from the trial
court.  Id. at 391-93.

Here, the State did not repeatedly attempt to inject
punishment into the guilt-innocence stage and never referred to the range of
punishment attached to the offense.  Furthermore, the State’s argument was not
a plea to the jury to consider punishment as opposed to facts when determining
guilt or innocence.  Cf. id. at 393.  Under these circumstances, the
State’s comment does not amount to reversible error, and the trial court’s
failure to instruct the jury to disregard is likewise not reversible error.  See,
e.g., Cifuentes v. State, 983 S.W.2d 891, 892-93 (Tex. App.—Houston
[1st Dist.] 1999, pet. ref’d) (concluding that the trial court’s failure to
instruct the jury to disregard a quite similar remark during the State’s
closing argument did not amount to reversible error).  Accordingly, we
overrule his second issue.

Turning to his third issue, we note that appellant
did not object to the State’s comment that a deadly conduct conviction would be
an insult to the officers.  Instead, as is clear from the section excerpted
above, appellant objected only to the State’s reference to the lesser-included
offense as a misdemeanor.  To preserve a complaint for review, a party must
present to the trial court a timely request, objection, or motion stating the
specific grounds for the ruling desired.  Tex. R. App. P. 33.1(a).  In addition,
a contention on appeal must comport with the objection made at trial.  Wilson
v. State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).  Because appellant’s
argument under this issue does not comport with his objection at trial, he has
failed to preserve this issue for our review.  We overrule his third issue.

Conclusion

We affirm the trial court’s judgment.

 

 

 

                                                                                    

                                                            /s/                    William
J. Boyce

                                                                                    Justice

 

 

 

Panel consists of Chief Justice Hedges
and Justices Yates and Boyce.

Do
Not Publish — Tex. R. App. P. 47.2(b)









[1]
A grand jury concluded that the shooting was justified and refused to indict
the officers involved.





[2]
In Carter, the appellant did not make a rule 403 objection.  Id.
at 707.  Although appellant made such an objection in the trial court here, he
has not referenced Rule 403 in his brief.  Thus, we conclude that he has waived
his Rule 403 complaint on appeal.